No. 32,888

The State of Kansas, *Appellee*, v. L. J. Story, *Appellant*.

(58 P. 2d 1090)

Opinion filed July 3, 1936.

*Ralph R. Rader,* of Howard, and *Laurence M. Turner,* of Moline, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner,* assistant attorney general, and *Frank Organ,* county attorney, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from a conviction for persistent violation of the prohibitory liquor law.

The information charged defendant in four counts with being a persistent violator. The first count charged possession of intoxicating liquor, the second and third charged sales of intoxicating liquor, and the fourth charged the maintenance of a liquor nuisance. The fourth count failed to allege the former conviction and it was reduced by the court to a misdemeanor. Defendant was convicted as charged on the first, second and fourth counts of the information

and was acquitted on the third count. Sentence was pronounced, and defendant appeals, contending the court erred in admitting evidence which was incompetent and in overruling appellant's motion for a new trial after admitting in substance that some of the court's rulings were erroneous.

The evidence disclosed that appellant had entered a plea of guilty on two counts of violation of the prohibitory law August 18, 1922. In 1928 he was arrested and charged with being a persistent violator and on trial was acquitted. In 1933 appellant was tried again on a similar charge and acquitted.

Appellant with his wife and stepson, Doyle Watkins, lived on a farm in the north part of Elk county. On August 16, 1935, officers with a search warrant called at his residence and discovered nine pint bottles of alcohol and gin. Doyle Watkins claimed ownership of the liquor and entered a plea of guilty to possession of intoxicating liquor, for which offense he was serving jail sentence at the time of defendant's trial.

So far as the first count for possession was concerned, the state, in addition to other matters, showed that a large quantity of liquor was found on defendant's premises. As, to the second count for sale, it offered positive evidence. Defendant, insofar as these counts go, stood upon his denial of the sale and possession, and the admission of possession by his stepson, Watkins.

Preliminary to a discussion of appellant's contentions, it should be noted he has not abstracted the trial court's instructions to the jury; neither is there any showing that he requested other instructions than those given nor that he objected in any manner to those given.

The general rule is that the extent of cross-examination rests in the sound discretion of the trial court. (State v. Pfeifer, 143 Kan. 536, 539, 56 P. 2d 442, and cases cited.) Appellant concedes the general rule, but contends the trial court abused its discretion by permitting the state to cross-examine his witnesses as to matters involved in those cases where he was previously acquitted. The appellant was a witness in his own behalf, and on cross-examination was questioned about his previous record, and in connection with one charge on which he had been acquitted was asked if the officers had found liquor on his premises. Over objection he answered in the negative, but later admitted liquor was found. Watkins, a stepson who lived with appellant, was also a witness for

him. On direct examination he stated the liquor found on the premises and involved in the present action was his, and that he had pleaded guilty and was serving a jail sentence at that time on that account. On cross-examination he was asked about previous searches of the premises, and stated that search had been made but no liquor found. He then was asked if it was not true the place was searched not long before, and various bottles of liquor found in and about the barn and haymow, and answered, "That was a long while ago." In other instances, the court sustained objections to questions of a similar nature. Appellant complains the trial court was not consistent in its rulings. Possibly not, but he certainly was not prejudiced because the court sustained some of his objections.

Appellant argues that the court erred in permitting the state to cross-examine about such matters, and that the jury was not told that evidence of such character should be considered only as affecting the credibility of the witnesses, and that under such circumstances it is not clear prejudice did not result, citing in support *State v. Gendusa,* 122 Kan. 520, 253 Pac. 598, where officers were permitted to testify as to complaints made to them that defendant's home was used for violation of the prohibitory law. It was held that complaint made to officers does not establish general reputation, is not equivalent to it, and is not admissible in evidence. There being failure to properly advise the jury as to the effect of such evidence, it was held not clear that no prejudice resulted. In the case before us, however, the record shows that when evidence as to reputation was offered, the court, at the time, and on at least two occasions advised the jury the evidence was competent to prove only the nuisance count, and not competent to prove the other counts. The evidence of which complaint is made did not go to reputation of the place so much as it went to the credibility of the witnesses, and ultimately to the weight to be given their testimony.

Considering the testimony as bearing on reputation, it may be observed that one of the essential elements of proof on a nuisance charge is that a place is kept or maintained where intoxicating liquors are possessed, sold or given away in violation of law. Certainly the defendant, within reasonable limits, may be questioned about what has transpired on his own premises, due regard being had as to whether the occasions complained of are too re-

mote, etc. The claim the witness Watkins, not being the defendant, could not be so questioned, is not warranted under the circumstances. He lived on the place with the defendant, he claimed the liquor in the instant case, and he could be reasonably cross-examined about matters which affected his own credibility, and concerning his denial that a nuisance was maintained on the place occupied by his stepfather and himself. As has been indicated above, the trial court advised the jury as to the purposes for which the evidence as to reputation was received. We may not assume the jury did not so consider it.

Considering the testimony as affecting credibility, it was said in *State v. Pfeifer*, supra:

"A defendant, when questioned in good faith, may be cross-examined with a view of impairing his credibility, concerning previous offenses and subjects involving him in degradation and disgrace, although they do not pertain to the charge for which he is then on trial. (*State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406; *State v. Probasco*, 46 Kan. 310, 26 Pac. 749; *State v. Killion*, 95 Kan. 371, 148 Pac. 643; *State v. Bowers*, 108 Kan. 161, 194 Pac. 650; *State v. Roselli*, 109 Kan. 33, 198 Pac. 195; *State v. Bolton*, 111 Kan. 577, 207 Pac. 653; *State v. Patterson*, 112 Kan. 165, 210 Pac. 654; *State v. Smith*, 114 Kan. 186, 217 Pac. 307; *State v. Shanahan*, 114 Kan. 212, 217 Pac. 309.)" (p. 539.)

Even if it be held that notwithstanding the circumstance that Watkins lived with his stepfather, a different rule applies as to him, it would appear from the answers returned by Watkins the appellant sustained no prejudice.

But perhaps appellant's main reliance is on a remark of the trial court in denying his motion for a new trial. In discussing the admission of this evidence complained of, it said that possibly it allowed the state to go too far on details and possibly "would cut that out again." Appellant argues as though that was an admission of error and warranted a new trial. The trial court did not stop there, however, but went ahead and stated that when defendant offered himself as a witness, anything that affected his credibility was competent, and after some other statements said the evidence showed beyond question that defendant was guilty. With such an approval of the verdict, it is idle to argue the trial court doubted the correctness of its rulings.

Our examination of the record leads us to conclude the trial court did not abuse its discretion in permitting cross-examination of appellant and his witness, Watkins. Appellant has failed to show prejudicial error and his conviction is affirmed.