ENNIS LIPSCOMB, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

76 N. W. 2d 399

Filed April 13, 1956. No. 33887.

*Ralph R. Bremers,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action the plaintiff in error, hereinafter called the defendant, was charged with the crime of robbery. The crime charged involved the elements of force, violence, or fear. He pleaded not guilty. Trial was had resulting in a verdict of guilty. Motion for new trial was made and overruled. Defendant was sentenced to serve a term in the penitentiary. Defendant brings the cause here by petition in error.

We affirm the judgment of the trial court.

We determine the argued assignments of error.

The bill of exceptions shows that during the voir dire examination the county attorney disclosed that he had spoken with a prospective juror who had disclosed to the attorney that his wife had sat on a jury in a case wherein this defendant was a defendant. The statement is shown to have been made in the presence of other prospective jurors. Defendant claims prejudice.

The voir dire examination is not shown. The transcript shows that the prospective juror did not sit as a juror in the case.

Obviously one of the purposes of the voir dire examination is to disclose whether or not a prospective juror knows one or more of the parties, or knows something about the case. Those are preliminary questions

asked time after time whenever juries are being selected. We see no merit in the assignment.

The evidence is that shortly before the robbery two men came near the scene of the robbery in a maroon-colored car, parked the car, and then walked toward the filling station where the robbery occurred. In a few minutes they returned. One got into the car and drove away. The other ran in the direction taken by the car. Within a few minutes the defendant and another man were arrested while in the car a few blocks from the scene of the robbery. These two men were identified as the men who entered the filling station, held the arms of the complaining witness, took a purse and billfold from his person, and then ran away.

The defendant, when arrested, was in the right front seat of the car. Under the front seat was found a piece of gas pipe, three-fourths of an inch in diameter and about 2 feet in length. One end was taped so as to make a handle. The other end had an elbow connection attached. It is not shown to have been used in the perpetration of the robbery.

Defendant claims its admission to have been prejudicial error.

We have recently stated the applicable rule as follows: "Where the accused is identified as having been at or near the scene of a crime about the time of its commission, evidence showing that he owned, possessed, or had access to any tools with which the crime was or might have been committed is admissible to show that the accused had the means to commit the offense in the manner that it was committed. It is a circumstance which the jury may consider." Liakas v. State, 161 Neb. 130, 72 N. W. 2d 677.

The assignment is without merit.

Defendant testified in his own behalf. On cross-examination he was asked how many times he had been convicted of a felony. He answered "Twice."

On rebuttal the State offered certified copies of the

records of a court in Dallas, Texas, showing that one Ennis Lipscomb in four different cases had on January 20, 1937, pleaded guilty to the offense of robbery and had in each case been sentenced to serve 15 years. The State then offered a witness identifying the defendant here as the defendant in the Texas cases. The State at the same time offered the record of a prior Nebraska conviction of a felony. The offer was to prove five prior convictions of a felony.

"The statute (section 25-1214, R. R. S. 1943) provides that: 'A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof.' A defendant in a criminal case who becomes a witness subjects himself to the rules applicable to other witnesses. * * * The statute prescribes and limits the scope of any inquiry initiated by the State that may be made on cross-examination of a defendant in a criminal case. It permits inquiry of the defendant when he is a witness if he was previously convicted of a felony. If the answer is in the affirmative, he may be asked the number of such convictions, and if an answer is correctly given, the inquiry must end there. If any answer of the defendant in this regard is incorrect or if he claims he does not remember, the fact of his conviction or convictions may only be shown by 'the record thereof.' " Latham v. State, 152 Neb. 113, 40 N. W. 2d 522.

The State here undertook to show that the answer as to the two previous convictions was incorrect.

The offer of the record of the previous convictions was a proper procedure. Defendant contends that they should have been offered in cross-examination and that it was error to receive them in rebuttal. The rule is: "In a criminal prosecution, any testimony, otherwise competent, which tends to dispute the testimony offered on behalf of the accused as to a material fact, is proper rebuttal testimony." Drewes v. State, 156 Neb. 319, 56 N. W. 2d 113.

Defendant then offered to testify as to the manner in which the proceedings were held in Texas and in particular that he did not have counsel; that he did not plead guilty; that he had no jury; and that he was sentenced only once and only convicted once in Texas. The trial court denied the offer. Defendant assigns error, relying on Reed v. State, 66 Neb. 184, 92 N. W. 321. In that case a witness was permitted to testify that he was not guilty of the offense for which he served a term in the penitentiary. We need not re-examine the soundness of that holding. It is not controlling here. Here the offer was to give oral testimony challenging the correctness of the certified records of the Texas court.

We answered this contention in Latham v. State, *supra*. There we held: "The statute does not permit exploration of the charge or charges of which the defendant was previously convicted, the details thereof, or the sentence imposed * * *." The assignment is without merit.

Exhibit 11 is the record of a conviction of one Ennis Lipscomb of the crime of larceny from the person in Nebraska. The exhibit was received in evidence. Defendant assigns the admission as error. The bill of exceptions shows that the State offered these five records of prior convictions in evidence and that defendant objected. There followed argument directed to the admission of the records from Texas. The court received the exhibits. Then followed more argument about the Texas records during which the defendant's attorney advised the court that he was "not objecting to the Nebraska one," but was objecting to those from Texas. Obviously the Nebraska record was admissible.

The State then called a witness to identify the defendant here as the defendant in the prior Nebraska case. The defendant then stipulated that the defendant named in exhibit 11 is the defendant in the instant case. The identifying witness was then excused.

The defendant then objected to the giving of the exhibits to the jury. During the argument of this matter counsel for defendant stated that he had no objection to the reading of the exhibits; he later objected to the reading. The court then gave the defendant the opportunity of stipulating that the exhibits "indicate five prior convictions of felonies," and otherwise the exhibits would be read in evidence. Neither the State nor defendant would so stipulate. The exhibits were then read to the jury in their numerical order. The defendant objected to the reading of the record of the Nebraska conviction on the ground that it was stipulated that that was "one of the two convictions which the defendant stated in open Court he was convicted of." The court permitted the reading of the exhibit. Defendant claims error in the reading of exhibit 11 to the jury.

The stipulation did not go to the extent claimed in the objection. The State had the right to prove the five prior convictions. The records were in evidence. It would be futile to introduce them in evidence if the jury was to be denied a knowledge of the proof they contained. Defendant compelled the disclosure. We find no error in what was done.

The bill of exceptions contains the argument to the jury made by the State.

The bill shows no objection made to any portion of the opening argument. The bill does not contain the argument of defense counsel.

It contains the closing argument of the State. During this argument of the State, reference was made to "a defense of alibi and conspiracy." The reference to a conspiracy appears to have been in reference to a charge that the State's witnesses were in a conspiracy to convict the defendant. Defendant took "exception to that" apparently referring to the evidence of the prior convictions as a part of the conspiracy. The court ordered that the State proceed. On the basis of this

one exception defendant undertakes to have a review of most of the argument of the State both in opening and closing as "calculated to inflame and impassion the jury against the defendant."

In Lee v. State, 124 Neb. 165, 245 N. W. 445, we held: "Remarks in his argument by the county attorney brought about and made in answer to the arguments of prisoner's counsel, unless necessarily prejudicial to the accused, do not necessitate the reversal of a conviction."

The remark of State counsel, to which exception was taken, appears to have been prompted by argument of the defendant's counsel. The argument of defense counsel is not shown. Under the circumstances no prejudice to defendant is shown in the record.

The defendant finally in one grouping complains of four instructions given on credibility of witnesses and the failure to give three requested instructions. We have examined the instructions given and refused and find no error therein when related to the issues and evidence before the jury.

Finally the defendant assigns as error, and urges as a reason for reversal, the refusal of the trial court to direct a verdict for the defendant. The assignment is not argued. We assume that it goes to the sufficiency of the evidence to take the case to the jury. We have examined the evidence and find no error in that regard.

The judgment of the district court is affirmed.

AFFIRMED.