George **FERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 36890.

Court of Criminal Appeals of Texas.

May 13, 1964.

On Motion to Reinstate Appeal June 17, 1964.

Rehearing Denied Oct. 14, 1964.

**936**

J. Charles Whitfield, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Allen L. Stilley and David R. Latchford, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is driving an automobile while his Texas license as a commercial operator was suspended; the punishment, 90 days in jail and a fine of $250.

Our attention is directed to the fact that the recognizance appearing in the record is shown to have been entered into by the appellant and only one surety. Art. 831 Vernon's Ann.C.C.P., which prescribes the form of a misdemeanor recognizance on appeal, provides that the recognizance be entered into by the defendant and two sureties.

The recognizance, not being in substantial compliance with the statute, is insufficient to confer jurisdiction upon this Court.

The appeal is dismissed.

## AMENDED OPINION ON APPELLANT'S MOTION TO RE-IN-STATE APPEAL

McDONALD, Judge.

A prior appeal of this cause was dismissed due to a defective recognizance. This defect has now been corrected and the appeal is re-instated.

The evidence of the state reflects that appellant was driving on a public street or highway in Houston, Texas, and upon getting out of the truck he was driving stated he did not have a license as it had been suspended.

It was further shown through the custodian of appellant's driving records that his license was in a state of suspension for being an habitual violator of the traffic laws under Art. 6687b, V.A.C.S. Appellant was present at the hearing when an affirmative finding was made concerning four prior convictions upon which appellant had paid fines. When this determination was made by the corporation court, appellant voluntarily surrendered his commercial operator's license.

Some six months after the suspension, appellant sought a declaratory judgment, declaring the above action of the corporation court void, but said petition was dismissed by the court because the suspension had been in effect for more than thirty days prior to the filing of the petition.

Appellant testified in his own behalf stating that he was the same George Fernandez that had been arrested and appeared in court before a judge on three complaints where he was found guilty and paid a fine. He further admitted upon cross-examination that he had known that his operator's license had been suspended, and that he was driving when he knew his license was suspended.

This evidence is sufficient to support the verdict of the jury.

Appellant here complains of the trial court's action in failing to submit to the jury the question of the validity of the four convictions, which resulted in the suspension of appellant's operator's license. Appellant further contends that the trial court was in error in not allowing evidence concerning the merits of one of the four convictions, upon which an affirmative finding was rendered by the corporation court.

 We find no merit in appellant's contentions. Under Sec. 22(c) of Article 6687b, appellant had 30 days after the date of receipt of notice of suspension to bring suit in the county court or county court at law to vacate and set aside the final ruling suspending his license. Said article further states that if any licensee who is a party to such final ruling fails within thirty (30) days to institute or prosecute a suit to set such suspension aside; the final ruling shall be binding upon all parties. Appellant did not avail himself of this opportunity to appeal the affirmative finding of the corporation court, but rather consented to abide by the suspension and is bound thereby. Also, under Article 6687b, Sec. 22(b), the state is not required to go behind the proceedings suspending said license and prove the regularity of said proceedings. See Goolsby v. State, 166 Tex. Cr.R. 180, 312 S.W.2d 654. Thus, appellant's attack on said judgments cannot be sustained.

Appellant also contends that the trial court erred in not granting a new trial as the state was allowed, over appellant's objection, to interrogate appellant concerning some forty previous driving infractions. The record reflects that the state's interrogation was allowed only after counsel for appellant had inquired upon direct examination as to the number of convictions appellant had received. Thus the state was properly permitted to fully cross-examine concerning same. See Lunsford v. State, 159 Tex.Cr.R. 82, 261 S.W.2d 591. This is true notwithstanding the fact that the offenses are not deemed offenses involving moral turpitude. Simmons v. State, 154 Tex.Cr.R. 554, 229 S.W.2d 370.

Under separate cover filed herein, there appears a motion for mistrial purporting to raise the issue of two separate verdicts being returned by the jury as there was no connecting language between the penalty of ninety days in jail and a fine of $250.00.

The court subsequently retired the jury and received a verdict with the proper connecting language and polled the jurors individually.

Under such facts, the court was authorized to direct the jury to retire for further deliberation in order to correct their verdict. Art. 696, Vernon's C.C.P. See also Branch's P.C., Vol. 1, Sec. 671, West v. State, 170 Tex.Cr.R. 317, 340 S.W.2d 813; Hatfield v. State, 161 Tex.Cr.R. 362, 276 S.W.2d 829.

Finding no reversible error and the evidence sufficient to support the jury's verdict, the judgment is affirmed.