Arley Boyd KENNEDY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13570.

Court of Criminal Appeals of Oklahoma.

March 24, 1965.

Carloss Wadlington, Ada, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Joseph C. Muskrat, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Arley Boyd Kennedy, hereinafter referred to as defendant was charged by information in the County Court of Pontotoc County with the crime of Driving While Under the Influence of Intoxicating Liquor. He was tried by a jury, found guilty, and sentenced to 30 days in the county jail, and a $50.00 fine. From that judgment and sentence he has perfected his appeal to this Court.

Hubert Wynn, testified that he was driving his car on September 23, 1964, when at the intersection of Ninth Street and Hickory Avenue in Ada, a collision occurred between his car and a car driven by the defendant. He testified that in his opinion, defendant was intoxicated. A passenger in his car also testified substantially the same. The police officer who investigated the accident testified that in his opinion, defendant was very drunk. That he had to put him in the police car several times and that he was belligerant.

Defendant took the stand in his own defense, and stated that he had not been drinking and that the accident was not his fault. It is in the testimony of defendant that the first proposition of error arises.

Defense counsel contends that the cross examination of defendant by the county attorney was improper. (CM 52, 53, 54, 55) wherein he was questioned about other charges in City Court arising out of this same accident. However, counsel failed to show his own direct examination of defendant, wherein he opened this line of questioning himself. On pg. 49 of the case-made, the following transpired:

"BY MR. WADLINGTON:

"Q. Well, did Mr. Winters show up over there at the police station?

"A. Yes, sir.

"Q. *And they put some city charge against you?*

"A. That's right.

"Q. And you made bond for that, then what did they do with you?

 

"A. Brought me over here. See, he went in to make my bond; they said I wouldn't get out until I did make a bond, so we came over here and made an appearance bond and I went on to work and came back the next week, I believe it was, and then I was tried here.

"Q. *You mean you were tried by the City?*

"A. Yes sir.

"Q. Ok, you don't need to go into that anyhow. They filed on you the same day they filed charges in the City, which was the next day after the thing happened." (Emphasis Ours)

After thus opening the door, counsel cannot be heard to complain upon appeal about what comes in.

In the case of Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231, it was stated:

"Where, on direct examination, the defendant opens up a certain subject for investigation, he cannot be heard to complain if on cross examination questions are asked him, the answers to which would tend to limit, explain, modify the testimony he has given in chief, or tend to discredit him, * *"

Defendant's second proposition is that the punishment is excessive. With this we cannot agree. The defendant was afforded a jury trial. The evidence was sufficient to substantiate the verdict of guilty, and the jury set what they believed to be a just punishment. This Court will not interfere, unless the punishment is cruel or unusual. It was stated in Douglas v. State, 93 Okl.Cr. 132, 225 P.2d 376:

"Where jury fixed punishment within limits of statute defining offense of driving motor vehicle on highway while under influence of intoxicating liquor, punishment would not be interfered with on appeal."

This Court has carefully examined the record in this cause, and we find no error that would justify reversal.

It is therefore the opinion of this Court that the judgment and sentence of the trial court is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.