No. 43,858

STATE OF KANSAS, *Appellee*, v. THOMAS ROSS, *Appellant*.

(401 P. 2d 915)

Opinion filed May 15, 1965.

*Earl Thomas Reynolds*, of Coffeyville, was on the briefs for appellant.

*Monte K. Heasty*, Assistant County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *B. D. Watson*, County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

PRICE, J.: In this case the defendant was charged with the offense of assault with intent to kill (K. S. A. 21-431). He was convicted of the lesser included offense of felonious assault (K. S. A. 21-435). Having previously been convicted of a felony (murder in the second degree), sentence under the habitual criminal statute (K. S. A. 21-107a) was imposed. He has appealed.

Being an indigent person and without counsel at his arraignment, counsel was appointed to represent defendant, and counsel represented him throughout the trial and in this appeal.

Defendant took the witness stand in his own behalf. It first is contended the court erred in permitting the state to cross-examine him concerning his defense to the murder charge in 1947 to which he had entered a plea of guilty—it being argued that in the nature of things no "defense" is interposed when a plea of guilty is entered. We have examined the evidence as to this matter and find the contention to be without merit. It appears that notwithstanding defendant's plea of guilty to the murder charge his contention at that time was that he was acting in self-defense—just as he contended before the jury in the present charge. No matter what the rule may or may not be after the effective date of K. S. A. 60-421, the rule at the time of this trial in 1963 was that when a defendant in a criminal prosecution elects to take the stand as a witness in his own defense, he may be cross-examined concerning previous of-

fenses and matters involving him in degradation and disgrace even though not pertaining to the charge for which he is then on trial, and that the extent of such cross-examination rests within the sound discretion of the trial court. (*State v. Story*, 144 Kan. 262, 58 P. 2d 1090; *State v. Osburn*, 171 Kan. 330, 333, 232 P. 2d 451; *State v. Vernon King*, 190 Kan. 825, 832, 378 P. 2d 147).

While this appeal was pending defendant, being confined in the penitentiary, addressed a letter to the trial judge which was considered and treated as a motion to vacate sentence under the provisions of K. S. A. 60-1507. This was done prior to October 16, 1964, the effective date of rule no. 121 of this court which in (c) (3) thereof provides that a motion to vacate, set aside, or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected. It was contended by defendant in this "motion" that his substantial rights were violated because of the fact he was not represented by counsel at his preliminary examination and arraignment, and at the time he made a statement to the county attorney. The trial court denied relief. Under the circumstances we will consider the matter.

The record shows that upon his arraignment counsel was appointed to represent defendant and it further shows that at the time he was questioned by the county attorney he was advised of his right to communicate with counsel but that he waived such right. With respect to the lack of counsel at his preliminary examination there is nothing in the record to indicate that his substantial rights were in any way violated or prejudicially affected by lack of counsel at that hearing. Furthermore, it has been held many times that under circumstances shown by this record failure to appoint counsel for an indigent defendant at his preliminary examination is not error. (*State v. Young*, 194 Kan. 242, 398 P. 2d 584 and cases cited in the opinion). The court did not err in denying relief under K. S. A. 60-1507.

Finally, it is contended that the verdict is contrary to law and the evidence, and that defendant's motion for a new trial was erroneously overruled.

A discussion of the evidence is unnecessary. It was such that the jury was completely justified in returning the verdict of guilty. The motion for a new trial was correctly overruled. We find no error in the record and the judgment is affirmed.