No. 44,990

STATE OF KANSAS, *Appellee,* v. STEPHEN ROTH, *Appellant.*

(438 P. 2d 58)

Opinion filed March 9, 1968.

*James H. Bradley,* of Olathe, argued the cause and was on the briefs for the appellant.

*Hugh H. Kreamer,* Assistant County Attorney, argued the cause, and *Robert Londerholm,* Attorney General, and *James W. Bouska,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is a direct appeal from a conviction of fourth degree manslaughter under the provisions of K. S. A. 21-420, which provides.

"Every other killing of a human being, by the act, procurement or culpable negligence of another, which would be manslaughter at the common law, and which is not excusable or justifiable, or is not declared in this article to be manslaughter in some other degree, shall be deemed manslaughter in the fourth degree."

The information charged the defendant with unlawfully and feloniously causing the death of Theodore Welch and Larry

Schauble, by driving and operating an automobile in a west-bound direction on Highway 50 at a speed in excess of the 45-mile speed limit, causing bodily injuries which were the proximate cause of their deaths.

U. S. Highway No. 50 at the scene of the collision has four lanes running in an east-west direction. A medial strip approximately 30 feet in width separates the two double lanes of traffic. Glenwood is a two lane public street running in a north-south direction and intersects U. S. Highway No. 50 where the collision occurred. Stop signs are erected for those vehicles using Glenwood entering upon or proceeding through U. S. Highway No. 50. Prior to trial it had been stipulated that the statutory speed limit on U. S. Highway No. 50 was 45 miles per hour and that signs had been adequately erected giving notice to the users of this highway of such speed limit. The collision occurred at this intersection in the defendant's westbound double lane of traffic.

At the end of the State's case, the court directed an acquittal of the defendant as to the death of the decedent, Larry Schauble. The defendant was convicted of fourth degree manslaughter on the death of Theodore Welch and sentenced to imprisonment in the Kansas State Industrial Reformatory at Hutchinson for a period not exceeding two years. The defendant has appealed.

The appellant objects to evidence of other traffic violations elicited on his cross-examination.

The facts from which this issue stems may be briefly stated.

The appellant took the witness stand in his own defense. On cross-examination, over his objection, the State was permitted to obtain the fact that he had previously pleaded guilty to (1) illegal passing, (2) failure to yield the right-of-way, (3) reckless driving and (4) failure to stop at a stop sign.

When the appellant objected to the line of questioning it was summarily overruled by the trial court. The court did not initiate inquiry as for what purpose the questions were asked and the State volunteered none.

The appellant contends that the evidence was not admissible for the purpose of impairing his credibility under the provisions of K. S. A. 60-421 or for the purpose of proving motive, knowledge, etc., under K. S. A. 60-455. The appellee concedes that the evidence was not admissible under K. S. A. 60-421 as the appellant had not

introduced evidence solely for the purpose of supporting his credibility, but contends that it was admissible and the cross-examination proper for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident under the provisions of K. S. A. 60-455.

The appellant counters with the suggestion that he was being charged with fourth degree manslaughter and not for traffic violations, and that the offenses not being related they are not admissible under the provisions of K. S. A. 60-455, citing *State v. Myrick,* 181 Kan. 1056, 317 P. 2d 485.

We cannot agree with appellant's last contention. Although he was prosecuted for fourth degree manslaughter, the gravamen of the offense was the traffic violation which was alleged to have caused the death. Every traffic violation of the nature mentioned here is a potential manslaughter weapon. The only thing lacking is a victim in the violator's path. We are forced to conclude that the violations were related to the one under consideration. They tended to prove intent, knowledge and absence of mistake or accident, and they were admissible for such purposes.

Appellant's next contention presents a more difficult problem. He contends that the trial court erred in failing to instruct the jury as to the limited purpose for which evidence of previous traffic violations could be considered. We are inclined to agree.

The appellee contends that the appellant is estopped from complaining of the failure to give the instruction because he did not request an instruction and *failed to bring the matter to the trial court's attention on motion for a new trial.*

The appellant did not request an instruction limiting the purpose of his testimony as to previous convictions, but it does appear he called the matter to the attention of the trial court on his motion for a new trial. Paragraphs 4 and 5 of the motion read:

"4. The court erred, over objection, in admitting evidence of defendant's past convictions of traffic violations by way of his cross-examination *without thereafter admonishing the jury the limited purpose in which they could receive and consider such evidence.*

"5. The Court erred, over objections, in permitting the defendant to be cross-examined on the matter of his prior convictions of traffic violations without the plaintiff being first required to state the reasons or grounds why such questions were to be propounded." (Emphasis supplied.)

The appellee is confused as to the contents of the motion for a new trial.

In *State v. McCorvey*, 199 Kan. 194, 428 P. 2d 762, we held:

"K. S. A. 60-455 defines the purpose for which evidence of similar but independent offenses may be considered, and the district court should instruct the jury as to the limited purpose for which such evidence may be considered." (Syl. 3. See, also, *State v. Taylor*, 198 Kan. 290, 424 P. 2d 612.)

The instruction should have been given. The remaining question is, did the appellant waive the error by failing to request the instruction? We think not under the circumstances of this case.

The statutory provisions covering instructions in criminal cases throw some light on the question. K. S. A. 62-1447 provides:

"The judge must charge the jury in writing and the charge shall be filed among the papers of the cause. In charging the jury he must state to them all matters of law which are necessary for their information in giving their verdict. . . ."

The statute places the positive duty upon the trial court to fairly present the law of the case on all salient features. Of course, if this is done a party desiring additional or special instructions must make a request. In dealing with the necessity of an instruction on self defense, regardless of a request therefor, this court stated in considering self defense a salient feature in *State v. Smith*, 161 Kan. 230, 237, 167 P. 2d 594 as follows:

"In those cases where self defense is invoked by the proof we conclude it is the duty of the court to charge the jury on that issue irrespective of whether there has been a request for an instruction, regardless of whether counsel has been called upon and failed to formulate a theory on which it could be given, and notwithstanding such counsel has stated he believes its submission rests in the court's discretion."

In view of the fact that K. S. A. 60-421 specifically forbids the use of testimony of previous crimes for the purpose of impairing a witness's credibility, it is our opinion that when such evidence is introduced under K. S. A. 60-455 its restriction to the purpose of that section becomes a salient feature in the case and failure to so instruct is error.

It should be noted that the appellant had some basis for contending that the evidence was not admissible for any purpose. Had he requested an instruction limiting its use he would have admitted its admissibility for some purpose.

The failure to give an instruction limiting the purpose for which the evidence was to be considered, regardless of a request, was of such a prejudicial nature as to require the granting of a new trial.

Other alleged trial errors have been examined and found to be without merit.

While what has been said disposes of the issues raised on appeal, the majority of the court would go further and, for the benefit of the parties on the new trial, disapprove the practice of questioning the accused on cross-examination as to other similar offenses when such questions were not responsive or related to testimony given on direct examination. Prior traffic offenses were unrelated to the testimony given by the accused on his direct examination. This court has, as have other American courts, recognized the rule that cross-examination must be responsive to testimony given on direct examination or material or relevant thereto. (*State v. Collins,* 162 Kan. 34, 174 P. 2d 126; *Miller v. Kruggel,* 165 Kan. 435, 195 P. 2d 597; *In re Estate of Snyder,* 188 Kan. 46, 360 P. 2d 883; *Aetna Life Ins. Co., Hartford, Conn. v. Conway,* 102 F. 2d 743; *People v. Atchley,* 53 Cal. 2d 160, 346 P. 2d 764; *Kennedy v. State, Okla.,* 400 P. 2d 461; *Hayton v. Commonwealth, Ky.,* 332 S. W. 2d 537.)

The general rule is also to the effect that cross-examination of an accused in a criminal case is subject to the same rules as apply to the testimony of other witnesses. (*State v. Collins,* 162 Kan. 34, 174 P. 2d 126; *Branch v. United States,* 171 F. 2d 337; *State v. Larsen,* 81 Idaho 90, 337 P. 2d 1; *Lipscomb v. State,* 162 Neb. 417, 76 N. W. 2d 399; *Shepperd v. State,* 168 Neb. 464, 96 N. W. 2d 261.)

The rule has been recognized as applicable where the prosecutor attempts to cross-examine as to other traffic violations. In *Fernandez v. State,* Tex. Cr. A., 382 S. W. 2d 935, the court stated:

"Appellant also contends that the trial court erred in not granting a new trial as the state was allowed, over appellant's objection, to interrogate appellant concerning some forty previous driving infractions. The record reflects that the state's interrogation was allowed only after counsel for appellant had inquired upon direct examination as to the number of convictions appellant had received. Thus the state was properly permitted to fully cross-examine concerning same. See Lunsford v. State, 159 Tex. Cr. R. 82, 261 S. W. 2d 591. . . ." (p. 937. See, also *State v. Dickens,* 68 Idaho 173, 191 P. 2d 364; Wiley v. State, Okla. Crim., 349 P. 2d 30.)

Much confusion has arisen because of the broad general rule applicable to cross-examination for the purpose of testing the credibility of the witness. The general rule is stated as follows:

"Where it is permissible to impeach a witness on the ground that his general character or reputation for morality is bad, it is usually held or recognized that, where accused in a criminal case testifies in his own behalf the

state may prove, for the purpose of impeaching his credibility, his general bad character or reputation, and the inquiry is not limited to his character or reputation for truth or veracity. The rule applies, even though accused has not introduced testimony as to his character." (98 C. J. S., § 499, p. 391.)

Until the enactment of the new code, which included rules of evidence, the same rule applied in Kansas. In *State v. Myrick*, 181 Kan. 1056, 317 P. 2d 485, we stated at page 1059 of the opinion:

"Another long-established rule in this jurisdiction, which permits the state to refer to a defendant's prior conviction is when he takes the stand and offers himself as a witness in his own behalf. In that event, he may be cross-examined with the view of impairing his credibility concerning previous offenses and subjects involving him in degradation and disgrace although they do not pertain to the charge for which he is then on trial. (*State v. Pfiefer*, 143 Kan. 536, 539, 56 P. 2d 442; *State v. Story*, 144 Kan. 262, 58 P. 2d 1090; *State v. Osburn*, 171 Kan. 330, 333, 232 P. 2d 451.) . . ."

If the defendant took the stand in his own behalf it mattered little as to rules relating to admissibility of evidence of other crimes because they could all be brought out on cross-examination under the excuse of testing the credibility of the witness.

The rule of evidence as to admissibility of other offenses in a criminal prosecution as set out in K. S. A. 60-455, which had its foundation in prior case law (*State v. Wright*, 194 Kan. 271, 274, 398 P. 2d 339), served some purpose where the defendant did not take the witness stand but it had no effect where he did testify because of the broad scope of the credibility rule giving unlimited cross-examination. This was all materially changed when K. S. A. 60-421 became effective. It provides:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility. If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility."

The statute, passed for the purpose of encouraging the accused to testify, put an end to the promiscuous cross-examination as to previous convictions. The prosecution must observe the rules of cross-examination and if evidence of previous convictions is desired it must be by direct presentation, unless the accused makes reference to the matter in his direct testimony. Any other approach would destroy the intent and purpose of K. S. A. 60-421.

What has been said requires the disapproval of the second para-

graph of the syllabus and the corresponding part of the opinion in *State v. McCorvey*, 199 Kan. 194, 428 P. 2d 762 relating to cross-examination.

The judgment is reversed with instructions to grant a new trial.

APPROVED BY THE COURT.

SCHROEDER, J., concurring: A reversal of the conviction on the ground that the trial court failed to give an instruction limiting the purpose for which the evidence introduced under K. S. A. 60-455 was to be considered, in my opinion, was of such a prejudicial nature as to require the granting of a new trial. However, the additional point which goes beyond the issue raised on appeal, disapproving the second paragraph of the syllabus and the corresponding part of the opinion in *State v. McCorvey*, 199 Kan. 194, 428 P. 2d 762, relating to cross examination, is unwarranted.

First, consideration given this point of jurisprudence is merely academic, and is unnecessary to the court's decision.

Second, the decision in *State v. McCorvey*, supra, was made after thorough consideration by the court less than one year ago, and the decision is based upon sound legal reasoning within our present statutory framework. In *McCorvey* the court was squarely confronted with the proposition decided, and the determination made by the court required either an affirmance or a reversal based upon the decision. Evidence that the decision was not lightly made by the court is indicated by the fact that the Justice to whom the case was assigned disagreed with the decision of the court, and was required under the Supreme Court's rules to write both the majority and dissenting opinions.

Third, the reversal of *McCorvey* as to paragraph two of the syllabus and the corresponding portion of the opinion less than one year after its pronouncement, after thorough consideration, destroys the image of our appellate court in adhering to precedent.

Actually, the decision in *McCorvey* as to paragraph two of the syllabus went further than necessary. In *McCorvey* the county attorney elicited evidence from the defendant on cross examination concerning similar offenses designed to prove identity of the defendant. In the opinion the court said:

"In discussing the defendant's contention, it should be noted he did not object to the county attorney's questions on the ground they were outside the scope of his direct examination (K. S. A. 60-243 [*b*], 60-404), nor did he

argue that point at the hearing on the motion for a new trial. . . ." (p. 198.)

Under these circumstances, the court should have affirmed the decision of the trial court on the ground that the point was not raised in the trial court, but the court went further. Even so, in my opinion, the decision of the court was correct.

In *McCorvey* the defendant took the stand to testify in support of a plea of *alibi*. Until the defendant took the stand there was no evidence before the jury challenging the identity of the defendant. Under these circumstances, evidence of prior offenses is admissible when relevant to prove a material fact such as identity, and the evidence was not admitted for the *sole* purpose of impairing the defendant's credibility. (K. S. A. 60-421; and see, *State v. Wright*, 194 Kan. 271, 275, 398 P. 2d 339.)

It is therefore proper, in my opinion, to leave the order in which competent and relevant testimony is admitted during the trial largely within the discretion of the trial court, and unless it appears that the exercise of such discretionary power has been abused, it cannot be said the trial court erred.

In the instant case the defendant merely committed a traffic offense which resulted in the death of another, thereby giving rise to a charge of manslaughter in the fourth degree. Now, if it was improper to permit the defendant to be cross-examined on other similar traffic offenses, the prosecution not having gone into the matter on direct examination, it would appear that the court might well have based its decision upon abuse of discretion, since the posture of the case at the time the questions were put to the defendant on cross examination herein was entirely different from the situation presented in *McCorvey*. In the instant case counsel for the defendant strenuously objected, when on cross examination the state was permitted to obtain the fact that he had previously pleaded guilty to other similar traffic offenses, the moral turpitude varying in degree from the prior offenses in the *McCorvey* case, and absent a plea of alibi.

The rule limiting cross examination to the scope of direct examination is designed merely to promote orderly procedure and nothing more. It was never designed to exclude relevant evidence. The rule has never been an inflexible one, especially as to a litigant witness.

In *Tawzer v. McAdam*, 134 Kan. 596, 7 P. 2d 516, the following quotation was cited approvingly:

" 'A party to a suit may, on cross-examination, be questioned in regard to any matter pertinent to the issue, whether he testified thereto in his evidence in chief or not.' " (p. 604.)

Wigmore criticizes the rule limiting the scope of cross examination to direct examination. (6 Wigmore on Evidence, 3rd Ed. §§ 1885 to 1891.) He paraphrases the rulings in California and Missouri as follows:

"As applied to an accused the rule is particularly absurd, because the prosecution cannot call him as its own witness." (p. 548, note 2.)

Wigmore would leave the matter to the sound discretion of the trial judge, as did the court in *McCorvey*. Few cases have bottomed reversible error on violation of the rule asserted by the court solely because of the *time element* concerning the relevant material evidence elicited. Reversals are based on content of the evidence elicited rather than on the time element. In *McCorvey* this court *did not reverse,* and in the instant case this court *does not reverse* on the issue here under consideration. It merely engages in an academic exercise in jurisprudence. Will the court again reverse its position in the next case to appear when its feet are to the fire?

*McCorvey* leaves the order of presentation of the evidence to the trial judge's discretion, and reversal would lie only because of an abuse in the exercise of that power of discretion. Here the court overrules *McCorvey* solely on the basis of the time element. All agree in the instant case that the evidence in question is relevant and admissible under proper instructions.

It appears the court in its opinion is confusing relevant evidence (that which has probative value as to an issue in the case) with evidence designed to impeach a witness (credibility or smear-type evidence) as limited by K. S. A. 60-421. This section of the statute says:

". . . If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible *for the sole purpose* of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility." (Emphasis added.)

The expression *"for the sole purpose"* must be given its common and ordinary meaning.

It is respectfully submitted *State v. McCorvey,* supra, as to syllabus ¶ 2 and the corresponding portion of the opinion should not be overruled.

PRICE, C. J., joins in the foregoing concurring opinion.