James Charles BLACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 42025.

Court of Criminal Appeals of Texas.

April 16, 1969.

Rehearing Denied June 4, 1969.

Grady Hight, Fort Worth (on appeal only), for appellant.

Frank Coffey, Dist. Atty., Jack Q. Neal, Clayton Evans and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is assault to murder with malice; the punishment, assessed by the jury, 25 years.

Appellant does not challenge the sufficiency of the evidence to sustain the conviction. Suffice it to say the record reflects the 25-year-old appellant shot the 67-year-old complaining witness, Collins, four times in the Continental Bus Station in the City of Ft. Worth on the evening of September 9, 1967. Neither man was previously acquainted with the other. Appellant, who had been drinking Vodka earlier in the day, testified that at the time Collins made an indecent proposal to his (appellant's) seven months pregnant wife. Collins denied making any such remark or proposal.

In his first ground of error appellant urges that the court erred in refusing to permit him "to give his impression of the fact situation at the time of the offense."

He relies upon Henry v. State, 164 Tex. Cr.R. 199, 300 S.W.2d 79.

The record reflects the following while appellant was testifying in his behalf on direct examination:

"Q. Did you think that that man was—

"MR. NEAL: Now, Your Honor, we object to whatever he might have thought.

"THE COURT: I will sustain it.

"MR. GARRETT: I want to show what he thought—

"MR. NEAL: Your Honor, we have objected to it, and—

"THE COURT: Counsel, I have sustained the objection to that question. I will permit you to go into all of the facts and circumstances surrounding this incident, and let the Jury draw their own conclusions.

"Q. (BY MR. GARRETT) When you told him that this was your wife, and he said 'What the hell?', or words to that effect; is that right?"

Even if the incompleted and apparently leading question can be given the construction now placed on it by appellant, we fail to find any showing in the record of what the answer would have been. Nothing is therefore presented for review. Walker v. State, Tex.Cr.App., 440 S.W.2d 653; Thomas v. State, Tex.Cr.App., 438 S.W.2d 112; Beasley v. State, Tex.Cr.App., 428 S.W.2d 317; East v. State, Tex.Cr.App., 420 S.W.2d 414.

We further observe that the issue of self defense was submitted to the jury in the court's charge.

Ground of error #1 is overruled.

Next, appellant complains he was not allowed to show that he expected to be a traveler and that his possession of the pistol at the time was legal and that it was not taken to the bus station with the intention to harm the complaining witness. In the absence of the jury appellant perfected his informal bill of exception to show that he expected to travel by bus over 200 miles and that he took the gun from his home since he was going on a trip, and that at such time he did not know the complaining witness.

We perceive no error. The evidence already before the jury reflected that appellant and his wife had gone to the bus station with the intention to travel to Mt. Enterprise in East Texas, approximately 200 miles from Ft. Worth only to discover that the bus would not depart for some seven or eight hours; that he had the pistol with him at the time; that he did not know the complaining witness prior to the alleged offense.

We find no complaint from the appellant that the action of the trial court prevented him from asking and receiving any instructions to the jury as to his possession of the pistol at the time of the alleged offense.

Ground of error #2 is overruled.

Appellant testified in his own behalf on the issue of guilt or innocence. On direct examination it was established that he had not previously been convicted of a felony. His counsel then elicited from him that he

had, however, pleaded guilty to several misdemeanors including "fighting," "DWI" and "a pistol case." The direct examination further reflects:

"Q. And I believe, some time back, you paid a fine on a pistol case; is that correct?

"A. I did.

"Q. And was there something in Dallas that you were picked up for?

"A. Yes sir—A traffic or a ticket violation; and they searched the car and found a gun.

"Q. That was in Dallas?

"A. Yes sir—

"Q. And you also have some tickets for traffic violations?

"A. I have, yes sir.

"Q. Other than those misdemeanors, which you pled guilty to, can you think of any other cases that you have been convicted on?

"A. No, I can't—"

■ Thereafter on cross-examination the State, without objection, interrogated appellant about other misdemeanor convictions and arrests. When objection was made the court overruled the same with the statement "You went into all of this." Thereafter the State inquired about only two other misdemeanor convictions.

"When defendant takes the stand as a witness he is subject to the same rules as any other witness. He may be contradicted, impeached, discredited, attacked, sustained, bolstered up, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of defendant, except where some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case, his failure to testify on a former trial or hearing, and the like." 1 Branch's Anno.P.C., 2d ed., Sec. 168, p. 170.[1]

In Stephens v. State, Tex.Cr.App., 417 S.W.2d 286, this Court said:

"Under the provisions of Article 38.29, V.A.C.C.P., the fact that a witness. has been charged with an offense is inadmissible for the purpose of impeaching him unless the charge has resulted in a final conviction. Hunter v. State, 168 Tex.Cr.R. 160, 324 S.W.2d 17; Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W. 2d 267. Furthermore the final conviction must be for a felony offense or one involving moral turpitude; Mauldin v. State, 165 Tex.Cr.R. 405, 308 S.W.2d 36, and even then, it must not be too remote. If, however, the witness makes blanket statements concerning his exemplary conduct, such as has never been charged or convicted of any offense, then the State may refute such testimony, despite the nature of the conviction used or its remoteness. Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 and cases cited therein."

■ The record reflects that the State's interrogation was allowed only after counsel for the appellant had inquired on direct examination as to appellant's misdemeanors, arrests, and convictions. Thus the State was properly permitted to fully cross examine as to the same matter, even if the offenses are not offenses involving moral turpitude. Fernandez v. State, Tex.Cr. App., 382 S.W.2d 935; Lunsford v. State, 159 Tex.Cr.R. 82, 261 S.W.2d 591; Simmons v. State, 154 Tex.Cr.R. 554, 229 S.W. 2d 370. We further observe that most of

---

[1]. Such statement, however, should be read in light of Brumfield v. State, Tex. Cr.App., (No. 41,808) holding that an accused could not be recalled by the State at the penalty stage of the proceedings under the circumstances presented, and in light of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and Lopez v. State, Tex.Cr.App., 384 S.W.2d 345, and Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

the State's interrogation was conducted without objection.

We therefore find no merit in appellant's contention that the State was allowed to improperly cross examine and impeach appellant over proper objection.

Ground of error #3 is overruled.

 Lastly, appellant contends he did not have effective assistance of counsel, though he was represented by trial counsel of his own choice.[2] This ground of error is based chiefly upon the fact that employed counsel had appellant relate his misdemeanor record to the jury at the hearing on the issue of guilt or innocence. Whatever may have been the wisdom of such interrogation, it is obvious that its purpose was to show the jury that in every other encounter with the law he had pleaded guilty, when guilty, but in this case appellant's plea was different. We find no merit in the contention that appellant was denied effective assistance by counsel by reason of such strategy.

Ground of error #4 is overruled.

The judgment is affirmed.

---

2. For a discussion of the problem of effective assistance of retained counsel, see Breedlove v. Beto, 404 F.2d 1019 (November 29, 1968) (5th Cir.), Footnote 1.