Demus Tenner **WASHINGTON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–403.

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1974.

Carroll Samara, Lawrence H. McMillin, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Defendant was charged with the offense of Unauthorized Use of a Vehicle in violation of 47 O.S.1971, § 4–102 in the District Court, Oklahoma County. He was found guilty by a jury verdict and in accordance with that verdict was sentenced to imprisonment in the State penitentiary for a term of two and one half (2½) years.

As revealed at trial, the facts are that around 12:50 on the afternoon of February 2, 1973, at the Corvette Center located on South May Avenue in Oklahoma City,

James Stewart, owner of the Corvette Center, Lewis Daniels and James Fleetwood observed two black youths driving off the premises in a pink Chevelle belonging to James Verser, an employee of the Corvette Center. James Stewart and Lewis Daniels immediately gave chase in their respective vehicles. After advising Verser to summon the police, Mr. Fleetwood joined in the pursuit. Verser's Chevelle was abandoned approximately two blocks from the Corvette Center and, as Mr. Fleetwood approached the parked vehicle, he saw two black youths, one of whom he identified as the defendant, running on foot. He turned and followed them and saw them enter a parked black Buick and from the license number that he noted, the Buick was later shown to be registered to the defendant's mother, Leota Washington. At trial each witness identified the defendant as the driver of the stolen Chevelle.

Called as a defense witness, Leota Washington testified that on February 2, 1973, she did own a black Buick but that she did not have knowledge of whether her son had driven that car on February 2, 1973.

The defendant testified on his own behalf and denied any involvement in the offense charged. He stated that on the day in question he had been working for his uncle and had not even been in the vicinity of the occurrence.

■ In his first proposition of error, defense counsel asserts that the trial judge erred in allowing the prosecution to pose questions which, he maintains, intimated to the jury that the defendant's arrest resulted from his commission of other crimes unrelated to that for which he was on trial. After carefully reviewing each of the alleged improper questions, we are of the opinion that this proposition is wholly unsupported by the record.

We do not find it necessary to set forth the questions complained of, as the defendant's allegations are clearly fallacious. No evidence of the defendant's commission of another crime was admitted at his trial for the offense. The intimations and inferences of other crimes that defendant now complains of arose solely as a consequence of inquiries by defense counsel. On cross-examination of law enforcement officers, defense counsel began the line of questioning regarding the circumstances of defendant's arrest. He pursued that line of questioning in spite of the trial judge's timely cautionary instruction that once opened, the door protecting defendant from testimony regarding the circumstances of his arrest would remain open for further inquiry by the prosecution. (Tr. 85, 86) As the Attorney General correctly states in his brief, the questions posed by the district attorney · on re-direct examination were proper, being entirely within the scope of the cross-examination. See Hensley v. State, Okl.Cr., 502 P.2d 1284 (1972) and Kennedy v. State, Okl.Cr., 400 P.2d 461 (1965).

The trial judge properly disallowed inquiry by the prosecution into the specifics of the topic of defendant's arrest and correctly sustained defendant's objections to testimony concerning defendant's deferred sentence.

This Court will zealously protect the basic right of an accused on trial for one offense to be convicted, if at all, by evidence showing his guilt of that offense alone, excluding evidence of his commission of separate unrelated offenses. However, in the instant matter the evil sought to be prevented by this rule of exclusion is not present. Here no evidence of other crimes reached the jury. Any intimation that the cause for defendant's arrest was not limited to the charge on trial was put before the jury by the defendant himself and the trial judge prevented inquiry by the State into the specifics of the other crimes alluded to by the defense. Accordingly, this proposition is dismissed.

■ Defendant next asserts that the court room identification of the defendant by the witnesses was tainted by illegal pretrial identification. This proposition is improperly before the Court on appeal as the

defendant did not object to the identification by the witnesses nor did he request an evidentiary hearing be held by the trial court outside the presence of the jury. See Bridgeman v. State, Okl.Cr., 496 P.2d 431 (1972) and Arriola v. State, Okl.Cr., 520 P.2d 690 (1974).

Although this proposition is improperly before this Court, we observe in reviewing the record that the identification of the defendant by each witness was based on their independent observations at the time of the commission of the crime. We further observe that there is nothing present in the record which would indicate that the pretrial identifications were conducted in any illegal or unfair manner. As the Attorney General correctly notes in his brief, the witnesses' misidentification of the other party to the crime was a matter of credibility for the jury to consider in their deliberation. Obviously they decided the question of the credibility of witnesses' identification of the defendant adversely to the defendant. See Tillman v. State, 82 Okl.Cr. 276, 169 P.2d 223 (1946).

The defendant's final proposition asserts that the punishment imposed is excessive. This Court has repeatedly held that a sentence will not be modified unless under all the facts and circumstances of the case the sentence is so excessive as to shock the conscience of this Court. See Roberts v. State, Okl.Cr., 473 P.2d 264 (1970). Defendant was sentenced to two and one half (2½) years in the penitentiary and under the applicable statutes he could have been sentenced for up to five years imprisonment or a fine of Five Thousand ($5,000.00) dollars or both such fine and imprisonment. His sentence, being well within the range provided by law, does not shock the conscience of this Court.

Finding no error sufficient to justify modification or reversal of this cause, it is our opinion that the judgment and sentence appealed from should be, and the same hereby, affirmed.

BLISS, P. J., and BRETT, J., concurs.