Frank H. HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 47725.

Court of Criminal Appeals of Texas.

March 13, 1974.

Joe D. Prickett and Harold L. Warford, San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez, John Hrncir, David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of heroin, under an indictment alleging a prior conviction for the possession of heroin. See Article 725b, Vernon's Ann. P.C. Punishment was assessed by the jury at sixty (60) years.

At the outset it is contended that the court erred in refusing to admonish appellant as to his privilege aginst self-incrimination.

Officer Chevera testified that while working undercover, posing as a dope addict, he purchased a gram of heroin from appellant on June 27, 1972, for thirty dollars.

Appellant, testifying in his own behalf, stated that Chevera and one Jim Levine attempted to buy heroin from him on the day in question and that he told them, "I ain't got any." Further, direct examination of appellant reflects that he had "business" with Levine the day before the occasion in question. Testifying further with regard to what was said on the date of the alleged

sale, the record reflects the following testimony of appellant on direct examination:

"Q. Okay. Did the officer say anything, Officer Chevera?

"A. No. He didn't say a single word. Then Jim Levine said, 'That heroin I scored from you yesterday was good.'"

Upon cross-examination, the prosecutor asked appellant about what Levine had said to him about the heroin bought from him on the previous day and appellant answered that Levine said, "'It was all right.' That the heroin was brown and was all right." It was at this point that counsel for appellant requested the court to instruct appellant that he did not have to answer anything that might tend to incriminate him. The request was again made when appellant responded in the affirmative to questions by the prosecutor regarding whether Levine had told the truth when he said the heroin was good. In both instances, the court overruled the requested instruction and it is this action by the court that appellant complains in effect denied him his Fifth Amendment privilege.

■ It is well established that when an accused voluntarily takes the stand he waives his privilege against self-incrimination at the hearing at which he takes the stand. Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732.

■ The cross-examination which appears to have prompted appellant's counsel to request the instruction referred to facts developed on direct. Proper cross-examination extends to establishing the nature and facts of a prior conviction or an extraneous offense first introduced by appellant. See Shaver v. State, Tex.Cr.App., 496 S.W.2d 604; Knox v. State, Tex.Cr.App., 487 S.W.2d 322; Black v. State, Tex.Cr.App., 440 S.W2d 668.

■ We find no error in the trial court's refusal to admonish appellant as to his privilege against self-incrimination.

Appellant contends the court erred in permitting prosecutor's argument to continue beyond the time allotted.

The jury argument is not in the record, it appearing that the same was not transcribed. The court reporter's notes reflect that:

" . . . arguments on behalf of both sides are made to the jury, commencing at 4:38 p. m., January 3, 1973. Thereupon, at 5:15 p. m., January 3, 1973, the following proceedings are had:

"THE COURT: Ladies and gentlemen of the jury, you will please follow the bailiff to the jury room where you will be deliberating; . . ."

A bill of exception reflects that the court allowed the State to argue its case for approximately eight minutes in excess of the agreed upon time period for argument. The bill was qualified by the court to reflect that " . . . both defense attorneys failed to use allotted time for jury arguments . . ." The record reflects that jury argument was set at thirty minutes for each side by agreement. We find it impossible to reconcile the court reporter's notes which reflect that thirty-seven minutes were used in jury arguments for both sides and the bill which reflects that the State exceeded its time by approximately eight minutes.

■ The trial court is vested with broad discretion in regulation of the duration of argument to the jury. Robinson v. State, Tex.Cr.App., 415 S.W.2d 180; 56 Tex. Jur.2d, Trial, Sections 231, 232.

In Robinson v. State, supra, this court said:

"As a general rule the consumption by an attorney of more time than was allotted him is not reversible error, if in allowing him to finish his argument, the Court did not abuse its discretion, and some substantial right of the complaining party was not thereby denied him."

No claim is advanced that appellant was denied any substantial right by virtue of the State's argument exceeding the time allowed.

 Assuming that the State exceeded the time allowed for jury argument, we cannot conclude that reversible error has been shown under the foregoing circumstances.

Appellant contends that the court erred in granting the State's challenge for cause to a prospective juror.

The voir dire examination was not recorded and appellant's complaint is brought forward by bill of exception which reflects that venireman Ortiz stated in response to a question by the State that he had difficulty with the English language, whereupon the State challenged the juror for cause and the challenge was sustained by the court. The bill further recites that it was developed that Ortiz could read and write the English language. The bill is qualified to show that appellant and the State, in exercising their peremptory challenges, cross-challenged on three or more veniremen and that Ortiz, who was thirty-fourth on the list, was not reached.

Article 35.16(a), Section 11, Vernon's Ann.C.C.P., provides that a challenge for cause can be made to a venireman for the reason "That he cannot read or write."

■ The requirement of ability to write is not satisfied by the ability of a proposed juror to write his name and nothing more. The requirement contemplates that he shall be able to express his ideas in writing. Johnson v. State (1893), 21 Tex.App. 368, 17 S.W. 252.

The bill of exception reflects nothing more than the venireman had difficulty with the English language and "it was developed that he could read and write the English language."

Article 35.21, V.A.C.C.P., provides that, "The court is the judge, after proper examination, of the qualifications of a juror, and shall decide all challenges without delay and without argument thereupon."

■ The conduct of the voir dire examination must rest largely within the sound discretion of the trial court. Weaver v. State, Tex.Cr.App., 476 S.W.2d 326; Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816.

■ There is no complaint that appellant was denied a fair and impartial jury. There is no showing that the prospective juror claimed to have been improperly excused would have served except for the court's action. Weaver v. State, supra. In fact, the court's qualification of the bill of exception reflects that he would not have been reached. We find no abuse of discretion on the part of the court under the circumstances presented.

The judgment is affirmed.

Opinion approved by the Court.