IN THE
TENTH COURT OF APPEALS
 

No. 10-98-275-CR

     TONY E. HUTCHESON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 6970 
                                                                                                                

O P I N I O N
                                                                                                                

      Tony Hutcheson was arrested on May 20, 1998, for sexual assault. See Tex. Pen. Code
Ann. § 22.011 (Vernon 1994 and Vernon Supp. 1998). He was indicted on June 25, 1998. He
remains incarcerated because he has been unable to post the bond set by the magistrate before
whom he first appeared. On August 21, Hutcheson filed a petition and application for writ of
habeas corpus requesting relief under article 17.151 of the code of criminal procedure. See Tex.
Code Crim. Proc. Ann. art. 17.151 (Vernon Supp. 1998). After a hearing, the court denied the
relief. Hutcheson now appeals.
      Article 17.151 provides in part that a defendant who is “detained in jail pending trial of an
accusation against him must be released either on personal bond or by reducing the amount of bail
required, if the state is not ready for trial of the criminal action for which he is being detained
within . . . (1) 90 days from the commencement of his detention if he is accused of a felony; . .
. .” Id. Relying on this provision, Hutcheson filed his application. A hearing was held, at which
the State announced “ready” and stated “that it has been ready at all times since the indictment.” 
Testimony elicited by Hutcheson suggests that the State was not ready to proceed to trial within
90 days from the date of his arrest. 
      At the hearing, B.J. Shephard, the District Attorney of Hamilton County, was called as an
adverse witness. He stated that the first announcement of ready was made at the habeas corpus
hearing. Although Shephard stated that he was “sure that witnesses have been talked to,” he did
not have his file so he could not answer any questions with certainty. Shephard stated that they
normally “don’t prepare for cases until immediately before plea day and [they had] not, best of
[his] knowledge, had a plea day on this at this point in time, so [they] have been ready at all times
to try this case.” In clarifying his response, Shephard stated that “[w]hat is in the file is the
investigation of the case. The case has been thoroughly in my opinion investigated and therefore
there’s nothing to keep us from trying this case at the appointed time.” The cross-examination
continued:
      Q:  Well, if your case has been thoroughly investigated what’s been done on it?
      A:  As I said, the — I do not have my file with me, but to my recollection we have all of the
reports and law enforcement has, in fact, concluded their investigation.
 
      Q:  Has your office interviewed any witnesses in connection with this case?
 
      A:  That I do not know.
      Q:  When I say your office, either you or anyone in your office?



 
      A:  I would not be able to tell you that without looking at the file.
 
      Q:  Do you have any recollection about any particulars of this case?
 
      A:  I would have to look at the file to — to remember the particulars of the case. Since I
don’t have it with me and I have not reviewed it in the past few days, I cannot discuss
that with you, or if I did discuss it with you I’m not sure that I would be recalling
accurately the facts as --
. . . 
 
      Q:  Is it your practice to try cases without ever having interviewed your witnesses?
 
      A:  Well, it’s not unknown.
 
      Q:  All right. So you’re not able to testify you have interviewed any witnesses. Has any list
of witnesses been made for this case?
 
      A:  I do not have the file with me, so I would not be able to answer that.
 
      Q:  Is there a time later today that that file can be available to you so that we can continue
this hearing?
 
      A:  I could have the — the file brought over from Meridian, if you think that’s necessary.

. . . 
 
      Court:   Counsel, I think I’m going to deny your request to postpone and to have the file
brought over. I understand that you may not be getting answers that you find
satisfactory, but we’re going to proceed like we are.

. . . 
 
      Q:  So I guess in summary your testimony is the file says something, but you’re not sure
what the file says; is that correct, Mr. Shephard?
 
      A:  Well, I guess — I’m sure the file reflects the investigation of law enforcement, and the
presentment to the Grand Jury of the case and I’m sure that’s what’s in the file.

The court denied the application for writ of habeas corpus.
      Although the State’s announcement that it “has been ready” for trial establishes a prima facie
showing that it was ready within the applicable time period, that showing of readiness may be
rebutted by, “among other things, a demonstration that the state did not have a key witness or
piece of evidence available by the last day of the applicable time limit so that the state was not
ready for trial within that time limit.” Jones v. State, 803 S.W.2d 712, 717-18 (Tex. Crim. App.
1991) (citing Barfield v. State, 586 S.W.2d 538, 542 (Tex. Crim. App. 1979)). Although notified
of the hearing, the State failed to bring a file for this case to the hearing and could not recall any
events concerning the preparation of this case for trial. Because the court refused to postpone the
hearing until Shephard could review the file, Hutcheson was effectively precluded from
sufficiently questioning him regarding preparation for trial. Nevertheless, we find that the record
reflects that the State was not ready to proceed to trial within 90 days after Hutcheson’s arrest.


 
Thus, it was not within the court’s discretion to deny the application. Jones, 803 S.W.2d at 719;
Barfield, 586 S.W.2d at 542. 
      Under article 17.151, Hutcheson is entitled to either be released on personal bond or to have
his bail amount reduced.


 Rowe v. State, 853 S.W.2d 581, 582 (Tex. Crim. App. 1993). In
Rowe, the Court of Criminal Appeals stated that the accused must be able to effectuate release. 
Id. at 582 n.1. The record indicates that Hutcheson has $300.00 with which to make bail. 
Accordingly, we reverse the order below and remand this cause to the trial court with instructions
to release Hutcheson forthwith on a $300 bond. Tex. Code Crim. Proc. Ann. art. 17.151. 
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and remanded with instructions
Opinion delivered and filed October 8, 1998
Do not publish

 

 



>      Under the fourth point, Parker also complains that the court erred when it limited his time on
closing argument. He asked the court to allow him an hour and a half for his closing argument. 
The court allowed each side only forty-five minutes. The time limit on final argument is within
the discretion of the trial court. Hernandez v. State, 506 S.W.2d 884, 886 (Tex. Crim. App.
1974). We do not find the court abused its discretion. See id.
      All points of error being overruled, we affirm the judgment.
 
                                                                   BOB L. THOMAS
                                                                   Chief Justice

Before Chief Justice Thomas.
         Justice Cummings, and
         Justice Vance
Affirmed
Opinion delivered and filed July 22, 1992
Do not publish