TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00467-CR







Aaron Keith Gilkey, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0981744, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 Appellant Aaron Keith Gilkey was convicted by a jury of burglary of a habitation. 
See Tex. Penal Code Ann. § 30.02(a)(3) (West 1994). After appellant pleaded true to six prior
felony offenses in five enhancement allegations, the trial court sentenced him as a habitual offender
to sixty years' imprisonment. See Tex. Penal Code Ann. § 12.42(d) (West Supp. 1999). 

 Appellant's sole point of error contends that the trial court erred in granting the
State's challenge for cause of a member of the venire on the ground that he could not read or write
sufficiently to qualify for jury duty. We will affirm the conviction.

 The trial court granted the State's challenge for cause to venire member Travis
Tran, based on his inability to read and write. Appellant objected on the ground that Mr. Tran
was able to read and write to a limited degree. Mr. Tran had been in this country for fifteen
years. He went to the eleventh grade in school. He admitted that a friend had helped him fill out
the juror questionnaire. He said that he did not understand some parts of the questionnaire. The
trial court asked him whether he could write the judge a letter in case some emergency came up,
and he replied that he would probably get someone else to help him write it. The court ruled that
he was not qualified because he did not have a sufficient command of the English language.

 The State or defense may challenge a venire member for the reason "that he cannot
read or write." See Tex. Code Crim. Proc. Ann. art. 35.16(a)(11) (West 1989). The requirement
of an ability to write is not satisfied by the mere ability to write one's name, but contemplates that
the venire person must be able to express his ideas in writing. Hernandez v. State, 506 S.W.2d
884, 887 (Tex. Crim. App. 1974). In Garcia v. State, 581 S.W.2d 168, 176 (Tex. Crim. App.
1979), vacated and remanded on other grounds, 453 U.S. 902 (1981), the court of criminal
appeals upheld the trial court's grant of a challenge based on this requirement when a venire
person put information in wrong blanks on the juror information card, and left other information
off the card; the venire person stated that he had trouble filling out the card and that he did not
understand the questions. He said that he thought that he could read the court's charge, but said
it would be difficult to understand. In Allridge v. State, 762 S.W.2d 146, 164-65 (Tex. Crim.
App. 1988), cert. denied, 489 U.S. 1040 (1989), the trial court's decision was upheld when he
granted a challenge for cause because the person did not understand some of the questions on the
juror questionnaire, and had difficulty writing. In Johnson v. State, 773 S.W.2d 322, 331 (Tex.
Crim. App. 1989), aff'd; Johnson v. Texas, 509 U.S. 350 (1993), the court upheld the trial court's
grant of a challenge for cause, even though the venire person did possess rudimentary grammatical
skills.

 Excusing a venire person for inability to read and write is a matter within the
discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. 
Flores v. State, 871 S.W.2d 714, 718 (Tex. Crim. App. 1993); Goodwin v. State, 799 S.W.2d
719, 736 (Tex. Crim. App.1990), cert. denied, 501 U.S. 1259 (1991). There is no abuse if the
record supports the court's decision. Flores, 871 S.W.2d at 718. We hold that the trial court's
grant of the challenge for cause was not an abuse of discretion.

 Even if the trial court had erred in this decision, appellant has not shown how his
substantial rights have been affected. See Tex. R. App. P. 44.2(b). Appellant does not argue that
the erroneous excusing of a potential juror for illiteracy is of constitutional dimension. A mere
error in ruling on a challenge for cause does not violate a defendant's constitutional rights to an
impartial jury. See Jones v. State, 982 S.W.2d 386, 391-92 (Tex. Crim. App. 1998); U.S Const.
amend. VI; Tex. Const. Art. 1 § 10. The erroneous excusing of a venire member does not call
for reversal unless the record shows that the error deprived the defendant of a lawfully constituted
jury. Jones, 982 S.W.2d at 394. There is no such showing in this case. Appellant's point of
error is overruled.

 We affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: June 30, 1999

Do Not Publish



ge for cause of a member of the venire on the ground that he could not read or write
sufficiently to qualify for jury duty. We will affirm the conviction.

 The trial court granted the State's challenge for cause to venire member Travis
Tran, based on his inability to read and write. Appellant objected on the ground that Mr. Tran
was able to read and write to a limited degree. Mr. Tran had been in this country for fifteen
years. He went to the eleventh grade in school. He admitted that a friend had helped him fill out
the juror questionnaire. He said that he did not understand some parts of the questionnaire. The
trial court asked him whether he could write the judge a letter in case some emergency came up,
and he replied that he would probably get someone else to help him write it. The court ruled that
he was not qualified because he did not have a sufficient command of the English language.

 The State or defense may challenge a venire member for the reason "that he cannot
read or write." See Tex. Code Crim. Proc. Ann. art. 35.16(a)(11) (West 1989). The requirement
of an ability to write is not satisfied by the mere ability to write one's name, but contemplates that
the venire person must be able to express his ideas in writing. Hernandez v. State, 506 S.W.2d
884, 887 (Tex. Crim. App. 1974). In Garcia v. State, 581 S.W.2d 168, 176 (Tex. Crim. App.
1979), vacated and remanded on other grounds, 453 U.S. 902 (1981), the court of criminal
appeals upheld the trial court's grant of a challenge based on this requirement when a venire
person put information in wrong blanks on the juror information card, and left other information
off the card; the venire person stated that he had trouble filling out the card and that he did not
understand the questions. He said that he thought that he could read the court's charge, but said
it would be difficult to understand. In Allridge v. State, 762 S.W.2d 146, 164-65 (Tex. Crim.
App. 1988), cert. denied, 489 U.S. 1040 (1989), the trial court's decision was upheld when he
granted a challenge for cause because the person did not understand some of the questions on the
juror questionnaire, and had difficulty writing. In Johnson v. State, 773 S.W.2d 322, 331 (Tex.
Crim. App. 1989), aff'd; Johnson v. Texas, 509 U.S. 350 (1993), the court upheld the trial court's
grant of a challenge for cause, even though the venire person did possess rudimentary grammatical
skills.

 Excusing a venire person for inability to read and write is a matter within the
discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. 
Flores v. State, 871 S.W.2d 714, 718 (Tex. Crim. Ap