COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-256-CR
  
  
KEVIN DEWAYNE THOMPSON                                                APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant, 
Kevin Dewayne Thompson, appeals his sentence for felony driving while 
intoxicated (DWI). In his sole issue on appeal, Thompson complains that he was 
deprived of his Fifth Amendment right not to testify at the punishment phase of 
his trial.  We will affirm.
II. Background Facts and Procedural History
        Thompson 
was indicted for driving while intoxicated, made a felony by two prior DWI 
convictions. He pleaded guilty with no plea agreement, and the trial court found 
him guilty but deferred its assessment of punishment pending the outcome of a 
presentence investigation. Thompson then fled to Wyoming where he remained for 
approximately two years. While in Wyoming, he found employment, stayed out of 
trouble, and received counseling for his mental health problems. Thompson was 
arrested twice in Wyoming on the extradition warrant arising out of the present 
case, but on both occasions he was released by Wyoming authorities within a few 
days of his arrest.  After the second arrest, however, Thompson returned to 
Texas where he voluntarily turned himself in to Texas authorities.
        At 
the punishment hearing, the trial court questioned Thompson to ensure that he 
understood the nature of the hearing and obtained a waiver from Thompson of a 
presentence investigation.  The trial court did not, however, admonish 
Thompson regarding his Fifth Amendment right to not to testify.  Shortly 
thereafter, the following exchange took place:
   
THE COURT: Okay. Does the State have any further evidence to offer at this time?
 
[PROSECUTOR]: 
Judge, as we discussed at the bench, both sides have agreed to save the Court 
some time to stipulate to the admissibility of a packet of letters that the 
defense has handed to the Court, and the State has no objection, . . . contingent 
on him testifying at this hearing.
  
[DEFENSE 
COUNSEL]: That is correct, so at this time we offer Defendant’s Exhibit 1, 
which is 17 or so different character letters.
 
THE 
COURT: And the Court has reviewed those the [sic] letters prior to the hearing. 
[Emphasis added.]
    
        Thompson’s 
attorney then called him to testify, and he did so without objection. At the 
conclusion of the hearing, the trial court sentenced Thompson to seven years’ 
imprisonment.
III. Thompson’s Fifth Amendment Right Not to Testify
        In 
his sole issue on appeal, Thompson asserts that he was denied his right not to 
testify at the punishment phase of his trial.  Specifically, he asserts 
that the State coerced him to testify by conditioning its agreement not to 
object to the admission of certain evidence upon his testifying at the 
hearing.  Further, he asserts that the trial court contributed to the 
State’s coercion by (1) stating that it had already reviewed the proffered 
letters, and (2) failing to admonish him of his Fifth Amendment right not to 
testify against himself.  Finally, Thompson asserts that the record does 
not show that he voluntarily waived his Fifth Amendment right not to testify.
        The 
Fifth Amendment prevents a person from being compelled in a criminal case to 
testify against himself. U.S. Const. 
amend. V.  This right exists during both the guilt-innocence and punishment 
phases of the trial. Carroll v. State, 42 S.W.3d 129, 131-33 (Tex. Crim. 
App. 2001).  However, when intelligent, knowing, and voluntary, a defendant 
may waive this right. Brown v. State, 617 S.W.2d 234, 236 (Tex. Crim. 
App. 1981).  It is well-settled that when a defendant voluntarily takes the 
stand, he waives his privilege against self-incrimination at that hearing.  
See Hernandez v. State, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974).
        Thus, 
the issue before us is whether the record, viewed in its entirety,[2] reflects that Appellant’s punishment-hearing testimony 
was given knowingly, voluntarily, and intelligently.  See Brown, 617 
S.W.2d at 236.  We conclude that it does.  The record reflects that 
after fleeing Texas for approximately two years, Thompson voluntarily turned 
himself in to authorities.  The record also reflects that Thompson was 
aware that the trial court could sentence him to the maximum of ten years’ 
imprisonment.  The record further reflects that during the two years 
Thompson had been a fugitive, he found employment, stayed out of trouble, and 
received counseling.  Under these circumstances, it seems quite likely that 
Thompson might want to tell his story in hopes of obtaining a lesser sentence.
        In 
addition, we find nothing in the record to indicate that Thompson was coerced by 
the State to testify.  The record simply reflects that the parties reached 
an agreement by which the State agreed not to object to the admissibility of 
certain evidence favorable to Thompson so long as he was going to testify.
        Likewise, 
we find nothing in the record to indicate that the trial court coerced 
Thompson.  The trial judge’s statement the she had previously reviewed 
the letters merely reflects that the agreement between the parties was no 
surprise, that is, the agreement had previously been discussed with the 
court.  Finally, when a defendant, represented by counsel, takes the stand 
to testify in his own defense, we presume the act to be taken voluntarily and 
with full knowledge of his rights.  Mullane v. State, 475 S.W.2d 
924, 926 (Tex. Crim. App. 1971).  Here, the record reflects that 
Thompson’s own attorney called him to testify and that Thompson did so without 
objection or protest.
        Thus, 
after reviewing the record, we conclude that Thompson testified voluntarily and 
with full knowledge of his rights.  See id. Therefore, the trial 
court did not err by not admonishing Thompson of his Fifth Amendment right not 
to testify.  See Hernandez, 506 S.W.2d at 886; Mojeda v. State, 
No. 2-02-235-CR, 2003 WL 21357566, *2 (Tex. App.—Fort Worth Jan. 12, 2003, no 
pet.) (not designated for publication).  See also Powers v. United 
States, 223 U.S. 303, 313-14, 32 S. Ct. 281, 283-84 (1912) (concluding that 
the Fifth Amendment was not violated when Powers voluntarily opted to testify at 
a preliminary hearing even though he was not admonished about his right against 
self-incrimination).[3]   Accordingly, we 
overrule Appellants sole point.
IV. Conclusion
        Having 
overruled Appellants sole point on appeal we affirm the trial court’s 
judgment.
 
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: February 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See United States v. Washington, 431 U.S. 181, 188, 97 S. Ct. 1814, 1819 
(1977) (indicating the test is whether, considering the totality of the 
circumstances, the free will of the witness was overborne).
3.  
But see Lucero v. State, 91 S.W.3d 814, 816 (Tex. App.—Amarillo 2002, 
no pet.) (holding trial court erred in failing to admonish appellant who 
voluntarily testified at punishment phase, but error was harmless).  
Interestingly, Lucero was decided by a three-judge panel on appeal, yet 
the “concurring” opinion of two of the three justices disagreed with the 
“majority” opinion of the third justice.  Citing Hernandez, the 
two “concurring” justices opined that no error occurred because appellant 
voluntarily testified at the punishment phase and was therefore not entitled to 
an admonishment.  Id. at 819 (Quinn, J., concurring); see 
Hernandez, 506 S.W.2d at 886.