Motion for Rehearing Granted in Part and Denied in Part; Reversed and
Remanded; Majority and Concurring Opinions of January 24, 2006, Withdrawn and
Majority and Concurring Opinions on Remand Following Rehearing filed June 8,
2006









 

Motion for Rehearing
Granted in Part and Denied in Part; Reversed and Remanded; Majority and
Concurring Opinions of January 24, 2006, Withdrawn and Majority and Concurring
Opinions on Remand Following Rehearing filed June 8, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00560-CR

____________

 

TUAN AHN DANG, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 828,575

 



 

CONCURRING   OPINION  
ON   REMAND

FOLLOWING  
REHEARING








The Texas Court of Criminal Appeals, in a
plurality opinion, held this court erred in concluding that the trial court did
not abuse its discretion=s in limiting the length of closing
argument.  Dang v. State, 154
S.W.3d 616, 622 (Tex. Crim. App. 2005). 
Accordingly, the Court of Criminal Appeals remanded the cause to this
court to conduct a harm analysis.  On
remand, we held the error presented here is constitutional error.  Because we could not conclude beyond a
reasonable doubt that the error did not contribute to appellant=s conviction, we
reversed the trial court=s judgment.  Tex.
R. App. P. 44.2(a).  However, the
State of Texas contends on rehearing that appellant has forfeited any claim of
constitutional error by failing to previously characterize it as error of
constitutional magnitude.

The State=s assertion is
wholly contrary to the record.  When the
trial court first imposed its twenty-minute limit on closing argument,
appellant=s counsel immediately objected on the
express ground that the limitation would deprive appellant of effective
assistance of counselCa right guaranteed by the Sixth Amendment:

THE COURT:  Both sides will have 20 minutes with which to
conduct final argument.

MR. DEGEURIN [appellant=s counsel]:  Excuse me, your Honor, what did you say?

THE COURT:  20 minutes.

MR. DEGEURIN:  Judge, there are nine different ways that the
State has alleged that he committed the crime. 
That=s not sufficient time properly in a
capital case to argue the case.  I ask
respectfully that we have additional time. 
I cannot even talk about the law in that time, much less the facts.

THE COURT:  Your request is denied.  I would remind the lawyers that what you say
is not evidence.  They=ve already heard the evidence.  Final argument is just summation, and 20
minutes is plenty of time for a day and a half of testimony.

Bring in the jury, please.

MR. DEGEURIN:  The defendant is entitled to effective
assistance of counsel.  That includes
a summation to the jury that ties together what was introduced over the course
of the trial.  It=s contemplated as being an
important part of the trial.  Unlike what
you=ve just said, it=s not just words from the
lawyer.  It is part and parcel of our due
process rights.  So to limit it to
where we are unable to even accomplish what we are required by law to do, to
render effective assistance of counsel is too restrictive.  In the mostCleast exaggerated words, it is
unfair, Judge.

THE COURT:  20 minutes.

(Emphasis added).








In his motion for new trial, appellant
asserted the trial court=s Aunreasonable
restriction of the Defendant=s right to present
a defense denied [appellant] his constitutional rights to a fair trial and
deprived him of effective assistance of counsel.@  (Emphasis added).  To support his motion for rehearing,
appellant offered the opinion of an expert witness, Richard Haynes, who
testified that under the facts presented here, he did not believe Athat a
competent lawyer could adequately discharge his responsibility to his client
under the 6th Amendment in a 20-minute summation to the jury.@  (Emphasis added).

In his initial brief before this court,
appellant repeatedly cited the above testimony of Mr. Haynes and his opinion
that the trial court=s conduct offended the Sixth Amendment.

In his brief before the Court of Criminal
Appeals, appellant summarized his argument, as follows:  AThe trial court
abused its discretion in restricting the defense counsel=s closing argument
to twenty (20) minutes, which violated the Appellant=s right to
assistance of counsel guaranteed him by the Sixth Amendment to the United
States Constitution and article I, section 10 of the Texas Constitution.@  (Emphasis added).

Finally, in his brief on remand before
this court, appellant again argued, Athe unfair
curtailment of argument which occurred in the instant case deprived the
Appellant of the full representation of his counsel and thus infringed upon his
rights under the Sixth Amendment to the United States Constitution and article
I, section 10 of the Texas Constitution.@  (Emphasis added).








It is disingenuous, at best, to suggest
that appellant has not previously objected, appealed, and sought review on the
basis of a denial of his constitutional right to effective assistance of
counsel.  If fact, in its own brief on
remand, the State asked this court to use the standard of review for constitutional
error found in Rule 44.2(a) of the Texas Rules of Appellate Procedure.[1]  Thus, the only argument being asserted for
the first time on rehearing following our opinion on remand is the State=s contention that
appellant waived his right to characterize the error as Aconstitutional
error.@

Moreover, it should make not one whit of
difference to our analysis whether appellant=s counsel did or
did not expressly link the denial of effective assistance of counsel to the
Sixth Amendment.  It may be surprising to
some to learn that the court of appeals is not a blind, bilious blob; we have
the capacity, like any first year law student, to determine the more
fundamental principles of law, at least, and ascertain from whence the right to
counsel is derived.  Further, the
standard by which we review error is not determined by the parties and is not
subject to waiver or forfeiture; rather, it is a question of law to be decided
by this court.  Accordingly, I find the
State=s Aforfeiture@ argument to be
totally specious.

In a more reasoned argument, the State
also contends that while the complete denial of argument infringes upon the
Sixth Amendment, the mere temporal restriction of argument does not inevitably
and necessarily rise to the level of constitutional error.  The State=s assertion is
partially correct.  The Sixth Amendment
does not guarantee a right to interminable jury argument.  Thus, it is well-established that a trial
court is vested with broad discretion in regulating the duration of closing
argument.  Hernandez v. State, 506
S.W.2d 884, 886 (Tex. Crim. App. 1974). 
Accordingly, reasonable restrictions on the length of argument do
not violate the Sixth Amendment right to effective assistance of counsel and,
thus, are not error of any kind.








However, when a trial court imposes limits
on argument that infringe upon the defendant=s Sixth Amendment
right to effective assistance of counsel, the restriction constitutes an abuse
of discretion.  Whether a temporal
restriction on jury argument is reasonable, i.e., whether it does or does not
infringe upon the right to effective assistance of counsel and, thus, is or is
not an abuse or discretion, is a fact-specific question that must be determined
on a case-by-case basis.

Where there are no conflicting
constitutional or statutory guarantees, a trial court=s discretion is
absolute.  Thus, a court=s discretion is
limited only where it potentially conflicts with a constitutional right, a
statutory right, or a procedural rule. 
Here, the Court of Criminal Appeals held the trial court abused its
discretion in restricting the length of argument.  Because the only basis for finding an abuse
of discretion under these facts is an infringement of appellant=s constitutional
right to effective assistance of counsel, I believe logic compels the
conclusion that the Court of Criminal Appeals has already found, even if not
expressly stated, that the error presented here is Aconstitutional
error.@

Moreover, the right to present argument in
the trial court is guaranteed by the Sixth Amendment.  Herring v. New York, 422 U.S. 853, 865
(1975).  It is further protected by
Article I, Section 10 of the Texas Constitution.  Ruedas v. State, 586 S.W.2d 520, 522
(Tex. Crim. App. 1979).  While the error
presented here is not Astructural@ in nature,[2]
it does constitute Aconstitutional@ error.[3]  See Tex.
R. App. P. 44.2(a).  When
presented with constitutional error, we are obliged to reverse the judgment
unless we determine beyond a reasonable doubt that the error did not contribute
to the conviction or punishment.  Tex. R. App. P. 44.2(a).








When counsel has been improperly restricted
in presenting a final argument, the difficulty in conducting a harm analysis is
that we must speculate on whether counsel could have delivered an argument that
might have affected the outcome of the trial. 
Here, the State presented a great deal of evidence to establish
appellant=s guilt, at least as a party, in the
murder of the deceased.  For example, it
is undisputed that appellant possessed a firearm.  Moreover, a bullet fired from appellant=s weapon was
recovered from the victim=s body.

However, it is also undisputed that
appellant was not the only person who was armed with a weapon.  In fact, all but one of the bullets that
struck the deceased were allegedly fired from the accomplice=s weapon.  Moreover, it is undisputed that after
the victim was killed, appellant and his accomplice both fired into the
exterior door of the premises to make it appear that entry was forced.  Whether defense counsel could have made a
convincing argument that a bullet fired by appellant through the door of the
premises struck the victim=s corpse laying
near the door is unknown because he was prevented from developing such an
argument.  Whether counsel could have
made a persuasive argument that appellant was not a party to the murder is
doubtful.  But while it is unlikely the
error contributed to the conviction, I cannot say, beyond a reasonable doubt,
that it did not.  Thus, under the
standard set forth in Rule 44.2(a), I cannot conclude the error was harmless.

The majority also finds the error was not
harmless, but concludes the error presented here does not rise to the level of Aconstitutional@ error.  Thus, I must respectfully concur in the
result only.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Majority and Concurring Opinions on Remand Following Rehearing
filed June 8, 2006.

Panel
consists of Justices Hudson, Anderson, and Frost (Hudson, J., concurs in the result
only).

Publish
C Tex. R. App. P. 47.2(b).











[1]  The rule
provides:

44.2.
Reversible Error in Criminal Cases

 (a) Constitutional Error.   If the appellate record in a criminal case
reveals constitutional error that is subject to harmless error review, the court
of appeals must reverse a judgment of conviction or punishment unless the court
determines beyond a reasonable doubt that the error did not contribute to the
conviction or punishment.

Tex. R. App. P. 44.2(a).

 

 





[2]  See  Neder v. United States, 527 U.S. 1, 8
(1999);  Arizona v. Fulminante,
499 U.S. 279, 309B310 (1991).





[3]  AConstitutional error@  within the meaning of Texas Rule of Appellate
Procedure 44.2(a) is an error that directly offends the United States
Constitution or the Texas Constitution.  Fox
v. State, 115 S.W.3d 550, 563 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref'd).