IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00389-CR

 

Jose Jesus Sanchez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 09-00126-CRF-272

 



MEMORANDUM  Opinion










 

            Jose Jesus Sanchez appeals from his
conviction for the offense of aggravated sexual assault of a child, which was
enhanced pursuant to Penal Code Section 22.021(a)(2)(A)(ii & iii).  Tex. Pen. Code Ann. § 22.021 (Vernon
2003).  Sanchez raises seven complaints on appeal:  (1) that the trial court
erred by granting a challenge for cause by the State; (2) jury charge error;
(3) error in the admission of evidence because it constituted impermissible
hearsay; (4) error in the admission of evidence because it constituted improper
opinion evidence; (5) the evidence was factually insufficient for the jury to
have found that there was penetration; (6) the evidence was factually
insufficient for the jury to have found the enhancement allegations; and (7)
ineffective assistance of counsel.  Because we find no reversible error, we
affirm the judgment of the trial court.

Challenge for Cause

            Sanchez complains that the trial court erred by granting a challenge
for cause by the State because a juror could not read and write the English
language.  One juror had circled a response on her juror card regarding juror
qualifications regarding being able to read or write the English language.  The
potential juror was questioned by the State and defense regarding her
understanding of English, whereby she indicated that she did understand English
as spoken to her, did not speak it very well, did not understand the meaning of
the word “consent,” could only read English “a little,” and that writing
English was her greatest weakness between understanding, reading, or writing
English.

Standard of Review

“A challenge for cause is an objection made to a
particular juror, alleging some fact which renders the juror incapable or unfit
to serve on the jury.”  Tex. Code Crim.
Proc. Ann. art. 35.16(a) (Vernon 2006).  One of the
grounds upon which a party may challenge a prospective juror for cause is that
“the juror cannot read or write.”  Id. art. 35.16(a)(11).  “[A] limited
ability to read and write will not meet the literacy requirement for
qualification as a juror.”  Goodwin v. State, 799 S.W.2d 719, 736 (Tex.
Crim. App. 1990).  Instead, the requirement contemplates that the prospective
juror “can express his ideas in writing.”  Id. (quoting Hernandez v.
State, 506 S.W.2d 884, 887 (Tex. Crim. App. 1974)).

When reviewing a trial
court’s decision to grant or deny a challenge for cause, we look at the entire
record to determine if there is sufficient evidence to support the court’s
ruling.  Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). 
We give great deference to the trial court’s decision on a challenge for cause
because the trial judge is in the best position to evaluate the
prospective juror’s demeanor and responses.  Saldano v. State, 232
S.W.3d 77, 91 (Tex. Crim. App. 2007), cert. denied, 128 S. Ct. 1446, 170 L. Ed. 2d 278 (2008).  Particular deference is given when the potential
juror’s answers are vacillating, unclear, or contradictory.  Feldman, 71
S.W.3d at 744.  The trial court’s ruling on a challenge for cause will not be
reversed absent a clear abuse of discretion.  Saldano, 232 S.W.3d at
91.  Based on the questioning of the juror as well as the trial court’s
statement that his bailiff had to speak to that juror in Spanish, we do not
find that the trial court’s decision was an abuse of discretion.  We overrule
issue one.

Jury Charge

Sanchez complains that the trial court erred in
the application paragraph as submitted to the jury regarding the enhancement
allegations.  It is undisputed that Sanchez did not object to the charge. 
Because there was no objection made to the charge by Sanchez, we must first
determine whether the charge as submitted to the jury was erroneous and if so,
we must then analyze this complaint utilizing the standard of Almanza v.
State.  Allen v. State, 253 S.W.3d 260, 264 (Tex. Crim.
App. 2008) (citing Olivas v. State, 202 S.W.3d 137, 143-44 (Tex. Crim.
App. 2006), citing Almanza, 686 S.W.2d 157 (Tex. Crim. App. 1985)). 
Under Almanza, unobjected-to jury charge error will
not result in reversal of a conviction in the absence of “egregious harm.”  Almanza, 686 S.W.2d at 171.  

In examining the record for egregious harm, we
consider the entire jury charge, the state of the evidence, the final arguments
of the parties, and any other relevant information revealed by the record of
the trial as a whole.   Olivas v. State, 202 S.W.3d at
144.  Jury charge error is egregiously harmful if it affects the very basis
of the case, deprives the defendant of a valuable right, or vitally affects a
defensive theory.  Stuhler v. State, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); Sanchez v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

Relevant Statutes

            Section 22.021(f) provides that the
minimum term of imprisonment for a conviction for aggravated sexual assault is
increased to twenty-five years if the victim is younger than fourteen years of
age and the defendant committed the offense as described in section
22.021(a)(2)(A).  Tex. Pen. Code Ann.
§ 22.021(f) (Vernon 2003).   Section 22.021(a)(2)(A)(ii & iii) provides in
relevant part that the defendant must have:

(ii) by acts or words places the victim in fear
that death, serious bodily injury, or kidnapping will be imminently inflicted
on any person; [or]

(iii) by acts or words occurring in the presence
of the victim threatens to cause the death, serious bodily injury, or
kidnapping of any person.

 

Tex. Pen. Code Ann. § 22.021(a)(2)(A) (Vernon 2003).

Application Paragraph

            The application paragraph as submitted
to the jury provides in relevant part that:

[A]nd the defendant did then and there by acts or
words threaten to cause or place J.C. in fear that death or serious bodily
injury would be imminently inflicted on J.C., and such acts or words occurred
in the presence of J.C. ….”

 

Sanchez contends that the application paragraph
allows the jury to find that he could have threatened to place the complainant
in fear that death or serious bodily injury would be imminently inflicted on
her, which is contrary to the statute.  

            Assuming without deciding that the
charge was erroneous, we must analyze the harm to determine if Sanchez was
egregiously harmed by the error.  The abstract portion of the charge contained
a definition of the enhancement allegations that tracked the statute
precisely.  A review of the record in this case demonstrates that the state of
the evidence, the argument of the parties, and the other relevant evidence was
such that we cannot say that the error affected the very basis of Sanchez’s
case, deprived Sanchez of a valuable right, or vitally affected a defensive
theory.  Sanchez’s entire strategy, including his argument, was that
penetration either could not or did not occur and thus, the enhancement
allegations were not relevant because they would not be reached if the jury
determined that penetration did not occur.  We overrule issue two.

Admission of Evidence

            Sanchez complains in his third and
fourth issues that the trial court abused its discretion in the admission of
portions of a videotape statement of Sanchez.  The videotape contained a
dialogue between Sanchez and a law enforcement officer that contained
statements by the law enforcement officer regarding what the complainant had
said had taken place.

Hearsay

            In issue three, Sanchez complains that
the videotaped statement contained impermissible hearsay regarding what the complainant
had described.  Specifically, Sanchez complains of the following exchanges:

(1)  Officer:    Yeah, why wouldn’t she just stop
at, “Well, he was trying to pull my legs apart and I peed on myself?  Why
wouldn’t she just stop there?  Instead, why would she go on and say that you
put your penis in her, and why would she add that extra to it?

 

And:

 

(2)  Officer:    Buddy, I’ve seen little kids as
soon as something happens to them they go run and tell an adult and I’ve seen
kids that keep that deep down inside—until they’re forty, fifty years old.

 

And:

 

(3)  Officer:    And you told her you would snap
her neck if she told.

Sanchez:         No

Officer:           If she told

Sanchez:         No sir, no

Officer:           But why would she add that in
there if it didn’t happen?

Sanchez:         Huh?

Officer:           Why would she add that in there
if it didn’t happen?

 

And after another person came into the
interrogation room:

 

(4)  Officer:    And my question to him was you
know—why would she give us one story if, if the way that he said it went why
wouldn’t she say it like that?  Why wouldn’t she say, well, he took my pants
down and he was gonna open my legs but I peed and he stopped.  But she went on
to say that he got on top of her.  We’re trying to wonder could that have been
his finger, could that have been his penis, but he’s saying he never stuck
anything in there.

Sanchez:         No sir.

Officer:           But why would she say that?

 

Analysis

Regarding the second section about which Sanchez
complains, his objection on appeal relating to hearsay does not match his
objection to the trial court.  Sanchez complains to this Court in part that the
statement constituted impermissible hearsay; however, his objection to the
trial court was that it constituted an opinion or that it was inadmissible
under rule 403.  Therefore, that portion of Sanchez’s issue is waived as to
hearsay.  Tex. R. App. P. 33.1.

Assuming without deciding that the statements were
improperly admitted, the admission of inadmissible evidence becomes harmless
error if other evidence proving the same fact is properly admitted elsewhere or
comes in elsewhere without objection.  See Brooks v. State,
990 S.W.2d 278, 287 (Tex. Crim. App. 1999).  We conclude that error, if any, in
admitting the statements on the video recording is harmless because the
information contained on the recording is cumulative of testimony from the
complainant as well as the SANE nurse practitioner regarding the incident in
question.  See Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App.
2004) (stating that “[a]n error [if any] in the admission of evidence is
cured where the same evidence comes in elsewhere without objection”).  

Additionally, any harm was further reduced by a
limiting instruction given by the trial court prior to the publication of the
videotape and in the jury charge that stated that the law enforcement officer’s
statements were not offered for the truth of the matter asserted but to
understand the context of the answers given by Sanchez.  There is nothing in
the record to indicate that the jury did not follow these instructions as
presented to the jury.  Williams v. State, 973 S.W.2d 479, 490 (Tex. Crim. App. 1996) (jury presumed to follow court’s instructions as given in the
charge).  We overrule issue three.

Opinion Testimony

Sanchez complains that the trial court abused its
discretion by admitting a portion of his videotaped interrogation that
contained impermissible opinions as to the law enforcement officer’s experience
with child victims and the complainant’s veracity made by the law enforcement
officer who was conducting the interrogation pursuant to rule 701. 
Specifically, he complains of the following statements:

(1)  Officer:    Buddy, I’ve seen little kids as
soon as something happens to them they go run and tell an adult and I’ve seen
kids that keep that deep down inside—until they’re forty, fifty years old.

 

And:

 

(2)  Officer:    But remember when I told you
before that is difficult for kids to ah—recall, if I told you to go in there
and tell him a story it would be hard for you to go back and get the details
about the event because they’re kids.  It would be hard for an adult but for
kids, it’s even ah—even more evident whenever that happens because you’ll see
those you know when, when someone asks them a question they’re gonna be like
ah—and they’ll have to think back or they’ll be like, I’m not sure, I don’t
know you, you’ll catch them off guard.

Sanchez:         Uh-huh

Officer:           That whole time she was
interviewed it was never a doubt what she was saying.

 

Sanchez contends that the comments by the law
enforcement officer, especially his last statement, contained an opinion as to
the complainant’s veracity and was improperly admitted.  The State contends
that the last comment of the officer was not an opinion as to the complainant’s
veracity, but was stating that the complainant’s version of the events had
remained consistent.  




            However, Sanchez has provided no
authority beyond a recitation of rules 701 and 702 of the Texas Rules of
Evidence and a general reference to the standard of review for an abuse of
discretion.  While Sanchez complains that the statements were erroneous,
citations to appropriate authorities are required in order to properly present
that argument to this Court.  Sanchez has failed to do so.  Therefore, we find
that this issue is inadequately briefed, and is waived.  See Tex. R. App. P. 38.1(h).  We overrule
issue four.

Factual Sufficiency

            Sanchez complains in issue five that the evidence was factually
insufficient for the jury to have found that he penetrated the complainant. 
Sanchez complains in issue six that the evidence was factually insufficient for
the jury to have found that he threatened the complainant with serious bodily
injury or death or that he had put the complainant in fear of imminent serious
bodily injury or death.  We note that the headings in his brief before this
Court state that Sanchez is complaining that the evidence was legally
insufficient.  However, in the argument, Sanchez states that there was some
evidence of both of these elements, and other than listing the standard of
review for legal sufficiency, does not argue that the evidence was legally
insufficient.  We, therefore, will consider only the factual sufficiency issue
as argued by Sanchez in his brief on the merits to this Court.

Standard of Review

When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). 
We ask whether the evidence supporting the conviction is so weak that the
fact-finder’s determination is clearly wrong and manifestly unjust or whether
conflicting evidence so greatly outweighs the evidence supporting the
conviction that the fact-finder’s determination is manifestly unjust.  Steadman,
280 S.W.3d at 246; Watson, 204 S.W.3d at 414-15, 417.  

Unless we conclude that it is necessary to correct
manifest injustice, we must give due deference to the fact-finder’s
determinations, “particularly those determinations concerning the weight and
credibility of the evidence.”  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  In determining
whether the evidence is factually insufficient to support a conviction, it is
not enough that we “harbor a subjective level of reasonable doubt to overturn
[the] conviction,” or that we would have decided the question differently than
the jury or disagree with their resolution of a conflict in the evidence.  Watson,
204 S.W.3d at 417.  Unless the record clearly reveals that a different result
is appropriate, we must defer to the jury’s determination of the weight to be
given contradictory testimonial evidence because resolution of the
conflict “often turns on an evaluation of credibility and demeanor, and
those jurors were in attendance when the testimony was delivered.”  Johnson,
23 S.W.3d at 8.  Our deference in this regard safeguards the defendant’s right
to a trial by jury.  Lancon v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008).

The existence of alternative reasonable hypotheses
may be relevant to, but is not determinative in, a factual sufficiency review. 
 Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999). 
However, it is the jury that accepts or rejects reasonable equal competing
theories of causation, and we may not find the evidence to be factually
insufficient merely because there is an alternative reasonable hypothesis.  Steadman
v. State, 280 S.W.3d 242, 247 (Tex. Crim. App. 2009); Goodman v. State,
66 S.W.3d 283, 287 (Tex. Crim. App. 2001).  We must have a “high level of
skepticism about the jury’s verdict” before we may reverse based on factual
insufficiency.  Steadman, 280 S.W.3d at 246-47.

Penetration

              Sanchez complains that the evidence
was factually insufficient for the jury to have found that he caused the
penetration of the complainant’s vagina because in his statement to law
enforcement officers, he admitted only to attempting to sexually assault the
complainant, there was no conclusive physical evidence of penetration, and that
the testimony of the outcry witness and the complainant was vague and
unspecific.  In particular, Sanchez argues that the complainant’s inability to
respond to whether or not Sanchez had ejaculated supports a hypothesis that
Sanchez did not penetrate her vagina.

            The evidence before the trial court
was that the complainant made an outcry that Sanchez had touched her and put
his “thing in her,” that the complainant told a sexual assault nurse examiner
(SANE) that Sanchez had touched her in her private part, the complainant
testified that Sanchez put his private part inside hers both on direct and
cross-examination, that the SANE nurse practitioner found redness and vaginal
discharge on the complainant which was consistent with sexual contact but was
not conclusive since the exam was performed approximately a month and a half
after the incident, and that Sanchez admitted he took the complainant’s shorts
off of her after a night of drinking heavily and using cocaine.  Sanchez’s
statements to police were that while he did remove the complainant’s shorts and
did attempt to sexually assault her, when she began urinating on herself, he
stopped, ejaculated on the floor, cleaned it up with his shorts, and apologized
to her but never penetrated her.  The testimony of the complainant at the trial
was almost entirely conducted by leading questions by the State, which Sanchez
concedes is a legitimate method of questioning of a young child victim. 
Viewing the evidence in a neutral light, we cannot say that we have a “high
level of skepticism about the jury’s verdict.”  See Steadman, 280 S.W.3d
at 246-47.  We find that the evidence is factually sufficient for the jury to
have determined that Sanchez penetrated the complainant.

Threats or Fear of Imminent Serious Bodily Injury
or Death    

            Sanchez also complains that the evidence was factually insufficient
for the jury to have found that he either threatened the complainant with
serious bodily injury or death or put her in fear of imminent serious bodily
injury or death.  See Tex. Pen.
Code Ann. § 22.021(a)(2)(A)(ii & iii) (Vernon 2003).  The SANE nurse
practitioner testified that the complainant told her that she was still afraid
that Sanchez is going to kill her; that the complainant had ongoing physical
symptoms such as tummy aches and pain when urinating; and that Sanchez had told
the complainant he would either kill her or break her neck.  The complainant
stated in her testimony that Sanchez had threatened to hurt her, and that he
had told her he was going to break her neck.  However, the complainant stated
that Sanchez had apologized to her after it was over, which Sanchez contends is
inconsistent with someone who made a threat.  We find that because this case
largely rests on the credibility and the demeanor of the witnesses, when we
view the evidence in a neutral light, we cannot say that we have a “high level
of skepticism about the jury’s verdict.”  See Steadman, 280 S.W.3d at
246-47.  We find that the evidence is factually sufficient for the jury to have
determined that Sanchez threatened the complainant with serious bodily injury
or death or put her in fear of immediate serious bodily injury, with the threat
occurring in the complainant’s presence.  We overrule issues five and six. 

Ineffective Assistance of Counsel

            Sanchez complains in issue seven that
he was denied effective assistance of counsel for several reasons.  However,
Sanchez orally raised this issue for the first time at the hearing on the
timely filed motion for new trial.  The hearing was conducted more than thirty
days after the judgment.  We will construe the new complaints raised in the
motion for new trial hearing as an attempt to amend the motion for new trial. 
The State objected to the consideration of the issue of ineffective assistance
of counsel on the basis that it was not raised within thirty days of the
judgment.  The State argues that rule 21.4 of the Rules of Appellate Procedure
requires that any amended motion for new trial be filed within thirty days of
the entry of the judgment or, upon their objection, the trial court cannot
consider the allegations in the amended motion.  See Tex. R. App. P. 21.4; see also State
v. Moore, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007.  We agree.             However,
the trial court did allow Sanchez to present evidence on his claim of
ineffective assistance of counsel at the hearing on the motion for new trial. 
Having determined that the trial court erred by considering this issue, we also
may not consider the evidence adduced at that hearing for purposes of
determining this complaint.  Moore, 225 S.W.3d at 570.  Nevertheless, it
is well settled that the issue of ineffective assistance of counsel may be
raised for the first time on appeal without the necessity of a motion for new
trial.  See Robinson v. State, 16 S.W.3d 808 (Tex. Crim. App. 2000). 
We, therefore, will consider Sanchez’s claim and arguments presented to this
Court that are not related to the evidence adduced at the motion for new trial
hearing.

            Sanchez complains that he received
ineffective assistance of counsel because his trial counsel was unaware of the
range of punishment for the offense until the day before trial and unaware that
Sanchez was ineligible for probation if convicted.

Standard
of Review

To prevail on an ineffective-assistance claim,
Sanchez must prove (1) counsel’s representation fell below the objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for counsel’s deficiency, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  A reasonable probability is a probability sufficient to
undermine confidence in the outcome.  Ex parte Ellis, 233 S.W.3d 324,
330-31 (Tex. Crim. App. 2007).  When
making this determination, any constitutionally deficient acts or omissions
will be considered in light of the totality of the evidence before the judge or
jury.  Id. at 331.




The record reflects that a pretrial hearing took
place on the day before trial, at which time a discussion ensued regarding the
terms of a plea bargain, which Sanchez had rejected.  There were two charges
listed in the indictment.  The first was for aggravated sexual assault of a child,
the second was for aggravated sexual assault of a child with the enhancement
per section 22.021(a)(2)(A).  Sanchez stated that he was aware that if he was
convicted of the enhanced offense that he would be sentenced to a minimum of
twenty-five years imprisonment with no possibility of parole.

The record also reflects that at some point during
the voir dire examination by the State, the State determined that Sanchez would
not be eligible for probation even if he was convicted of just the aggravated
sexual assault without the enhancement.  Further, because of this, the State
made two different plea bargain offers at that time to Sanchez which included
reduced charges, both of which Sanchez rejected on the record.  

Even if we assume without deciding that Sanchez’s
trial counsel’s performance meets the first prong of Strickland, we do
not find, based on the record at the trial, that there is a reasonable
probability that, but for counsel’s deficiency, the result of the proceeding
would have been different.  

            We find that Sanchez has waived this
issue for purposes of appeal in part by failing to raise it timely before the
trial court.  See Tex. R. App. P.
21.4 & 33.1.  Further, by considering the record outside of the motion for
new trial, we do not find that Sanchez has established that there is a
reasonable probability that but for his trial counsel’s deficiency, if any, the
result would have been different.  We overrule issue seven.

 

Conclusion

            We find that the trial court did not
abuse its discretion in granting the State’s challenge for cause.  We find that
the trial court’s error, if any, in the application paragraph of the jury
charge did not rise to the level of egregious harm.  We find that the
complaints regarding the admission of evidence based on hearsay were harmless
due to the admission of those statements without objection at other stages of
the trial.  We find that the complaints regarding the admission of
impermissible opinion evidence was inadequately briefed.  We find that the
evidence was factually sufficient.  We find that the untimely amendment to
Sanchez’s motion for new trial to add an allegation of ineffective assistance
of counsel should not have been considered by the trial court after the State’s
objection.  We find that Sanchez did not establish that there is a reasonable
probability that, but for counsel’s deficiency, the result of the proceeding
would have been different as it relates to his claims based on the record at
his trial.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed August 18, 2010

Do not publish

[CRPM]