**AFFIRMED; Opinion Filed May 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00098-CR

### JOSEPH JUSTIN WALLACE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-24982-R**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

Appellant Joseph Justin Wallace pleaded guilty to aggravated assault involving family violence, with a deadly weapon. The trial court deferred adjudication of guilt, made affirmative findings of family violence and a deadly weapon, and placed appellant on community supervision for a period of three years. The State filed its first motion to proceed with an adjudication of guilt two months later, which it subsequently withdrew. The Court then modified conditions of community supervision to include appellant's participation in the Substance Abuse Punishment Facility Program. The State filed a second motion to proceed with an adjudication of guilt, and later an amended motion. Appellant pleaded not true to the allegations in the State's amended motion. The trial court found the allegations in the motion true, adjudicated appellant's guilt, and assessed a punishment of twenty years' imprisonment. In one issue, appellant contends the trial court committed constitutional error by refusing to allow him to claim the Fifth

Amendment privilege against self-incrimination. We affirm.

## DISCUSSION

The State's amended motion to proceed with an adjudication of guilt alleged that appellant violated the following four conditions of his probation:

> (a) JOSEPH JUSTIN WALLACE did violate condition (a) by violating the laws of the State of Texas in that on or about 9/5/11 in Dallas County, Texas, s(he) did commit Assault BI/FV [Bodily Injury/Family Violence].
>
> (d) JOSEPH JUSTIN WALLACE did violate condition (d) in that s(he) did not report to the community supervision office as directed for 9/24/11 & September, 2011 [sic].
>
> (e) JOSEPH JUSTIN WALLACE did violate condition (e) in that s(he) failed to give 24 hours['] notice to any changes in home or employment address.
>
> (s) JOSEPH JUSTIN WALLACE did violate condition (s) in that s(he) did not complete SAFPF [Substance Abuse Felony Punishment Facility] [and] was removed due to behavioral issues.

Appellant pleaded not true to these allegations. At the revocation hearing, the trial court heard testimony from the complainant in the September 2011 assault, the Irving police officer who investigated it, and appellant's probation officer. In addition, appellant took the stand. During cross-examination, the State asked him whether he committed the assault alleged in the motion. Appellant attempted to "[p]lead the Fifth," but the trial court instructed appellant to answer, and he admitted to the assault. Appellant also admitted to the other three probation violations. At the end of the hearing, the trial court found the State's allegations true, granted the State's motion, found appellant guilty, and sentenced him to twenty years' imprisonment.

Although a criminal defendant cannot be compelled to testify, the general rule is that if he exercises his right to testify, whether at the guilt-innocence stage or at the punishment stage of the trial, he is subject to the same rules of examination and cross-examination as any other witness. *See Felder v. State*, 848 S.W.2d 85, 99 (Tex. Crim. App. 1992); *Cantu v. State*, 738 S.W.2d 249, 255 (Tex. Crim. App. 1987). The scope of cross-examination in Texas is "wide

–2–

open," and once a defendant decides to testify, he opens himself up to cross-examination on any relevant subject matter. *Felder*, 848 S.W.2d at 99. By choosing to testify at the revocation hearing, appellant waived his right against self-incrimination and subjected himself to cross-examination regarding any matters relevant to the revocation hearing. *See Hernandez v. State*, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974) ("It is well established that when an accused voluntarily takes the stand he waives his privilege against self-incrimination at the hearing at which he takes the stand."). Since the State cited the September 2011 assault as a ground for revoking his probation, that offense was obviously relevant to the revocation proceeding.

Additionally, we note that the cases principally relied upon by appellant—*Blackmon v. State*, 642 S.W.2d 499 (Tex. Crim. App. 1982); *Scott v. State*, 940 S.W.2d 353 (Tex. App.—Dallas 1997, pet. ref'd); *Malloy v. Hogan*, 378 U.S. 1 (1964)—are clearly distinguishable from the present case. *Malloy* concerned a defendant who was, sixteen months after he pleaded guilty to a gambling-related offense, *ordered* to testify before a referee investigating gambling and other criminal activities. *Malloy*, 378 U.S. at 3. When he refused to answer the questions put to him on the ground that the answers "may tend to incriminate me," the court held him in contempt and ordered him jailed until he agreed to testify. *Id*. The Supreme Court held that this treatment violated the defendant's right against self-incrimination. *See id*. at 11–12. *Blackmon* and *Scott* are likewise distinguishable in that they involved situations where the person invoking the privilege against self-incrimination was a *witness*, not the accused on trial. *See Blackmon*, 642 S.W.2d at 500; *Scott*, 942 S.W.2d at 356.

Appellant was the defendant in the proceedings below, not a witness. He waived his right against self-incrimination when he voluntarily took the stand at the revocation hearing, therefore, the trial court did not err by refusing his request to limit the State's cross-examination. We overrule appellant's issue on appeal.

We affirm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130098F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH JUSTIN WALLACE, Appellant

No. 05-13-00098-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-24982-R.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of May, 2014.

/Lana Myers/
LANA MYERS
JUSTICE